Note. — The criminal code above all others should leave nothing to the discretion of the Court or jury, but should be regulated as far as the nature of things will admit, by certain and hsed rulos, not difficult to be understood, and incaoable of being construed away. The rule laid down in Coke, líale, Hawkins, and Blackstone, that there must be a taking invito domino/ and that there can be no felony without a trespass, is a plain rule comprehensible by every capar ity, and in its nature not easy to be misconstrued — it leaves no latitude to the Judge, nor any to the jury. The plain enquiry is, a tortious taking — -but *181 should the question be, did he borrow or hire with an intent to steal ? That being an act of the mind, and to be discovt red by circumstnn-ces only, leaves the fate of the prisoner entirely in the discretion of the Court and jury. In the case of a man of good character, or one they were inclined to favor, a bmrowmg and selling aft.rwards us his own, might easily be deem, d innocent, or at least excusable —he might b( supposed to do it, with a design to make a good tv rgain for the owner, and to deliver the money to him; or from confidence of his assent to the act when made acquainted, it were ho acquainted with the circumstances with h determined the coaouct of tho borrower ¡ud the like ; when before the same Court and jury, another of but indifi'-reut character, or where they werehiot disposed to favor, for borrowing and then selling, or lor burrowing and not retu-ning, might be sentenced to death ; which difference, of decision would be owing to no other circumstance, but that of tho discr-tion exercised by tiie Court and jury. But this discretion drawing tiie lives of men into its voitex, can never have place it the old rule, he adhered to. The rule contended for on the part of the State, vests an arbitrary power over tile lives of the citizens in the Court rittd jury— i power that ought not to be ve sted any where — which it is for the honor of the Court to disown ; and which, in whatever form or shape it may endeavour to insinuate itself, should forever be rejected with manly firmness by the Judges of a iree country. The discretion of tile Court is the mortal enemy of all safety and securty to individuals.— It is the engine that all governments proiesstng to.be regulated by laws, have used to elude them, win n the oppression of an individual is the object. B-sides, the old authorities are foupded upon better reasons than the cases cited from Leach — laws are, or ought to be, ri. gorotts, only in proportion to the magnitude of offenc'and the difficulty there is in preventing them ; but w'th reasonable cure in the owner, an offence of this kind can never happen — let Him not lend his property to a man he does not know, or in whom he cannot safely confide, and he wi 11 never be dc coived in this maimer ; but if be will lend it to a stranger he does not know, and that stranger deceives him, he should hlame his own irnprudet.ee. — he has coivti muted to the deception hirnsclf, and he has n<) right to expect tho law to animadvert with the same severity on the conduct of the deceiver, as if himself had been perfectly passive. The man who has not trusted his prop r(y into precarious hands, and who does what is usual to secure it, and yet has it invaded by a taking away without his consent, is surely more to be regarded, than the man who has ient it. In the one case the owner contributes in no shape to the offence, in the other it could never have been committed had not the owner put it in the power of die prisoner to commit it; and surely in point of reason and good sense, there is amply sufficient to warrant tbt distinction made in the old cases. I did say to the jury, at'd I believe still, Shat the modern cases cited on the part ot till- State, have grown gradually into still greater and greater severii:, owing to the circumst-iices of England and the British people at the tunes when they leek place. In every country as wealth accumulates poveity also increases, still forming a wtd< r separation and greater .lift-nee between the diffet i nt classes ; and the natural consequence of this ev.ry where is, that ihe hand of government clinches the sword of vengeance ag«in»t the violation of tiie rights of propel ty vv.th the stronger grasp, .-ltd strikes with the less compassion; and it is obviously- remark. b‘e, that each of the succeeding cases of those cited, has gone still further and wider of the old rule titan the former ; so much so, that it the latter of them should be presented as a proposition, without the former, to fa- *182 milinrize the mind and prepare it for the reception of the latter, we should bfc startled and reject it without hesitation — such for instance as that where a man hired a post-chaise, and not returning it, was taken up a year afterwards, and convicted of felony. This at first view would appear horrible — how many circumstances might have occurred to prevent.the return within that time — the very negligence and idle disposition of the man might have caused the delay. The departure from the old rule when first made, seemed jo come so near it, that the departure did not strike the mind with much force — the next departure came so near the last precedent, that that was not much, remarkable, until at length the old rule becomes entirely laid aside, and the modern authorities boldly pronounced to be the genuine rules, and to be properly explanatory and corrective of them — then is the time when the life of the subject or citizen is exposed to the attempts of evil men, and títere is no helper at hand to protect them — -this is the progress of a departure from ancient well established rules. The smallest reflection upon it is sufficient to convince us how dangerous an experiment it is, either to abandon them, or to extend them by construction to cases not manifestly and obviously within them. This is the only operation the cases cited have upon my mind, and they confirm me in the opinion that the old rule should be most sacredly regarded. If we once begin to depart from it, w® shall gradually include in the definition of felonious stealing, acts that are at present deemed very far from its comprehension, until at length perhaps, the boundaries between fraud and felony, shall be no longer discernable ; and the lives of many citizens sacrificed improperly, before the law can be again brought back to it- ancient simplicity and certainty. ' It is true the case in Kelyug, p- 81, does -coolcl with the cases in Leach„* but the case in Kelyng is but his own extrajudicial opinion ; and that opinion too against an adjudged ease report, d by himst If in page 24; in which latter case, he himself and two other Judges concurred— This opinion of his seems not at all to have been noticed as law, oras creating a doubt with respect to the law in subsequent authors ; and therefore there is abundant reason to treat it at this day, as the solitary effusion of his imagination ; he himself in his judicial capacity-has contradicted it, and all following authors of any celebrity, have passed it by in silence.
Note. — Vide Dodd v. Hamilton & Hamilton, N. C. Term Rep. 31.