On the trial the defendant offered testimony to prove (as he (53) alleged) that there was fraud on the part of the plaintiff in *Page 43 
procuring his patent. Also, that the plaintiff's testator, Aaron Williams, was a deputy surveyor of said county at the time of the survey and obtaining his patent.
The court was of opinion that the defendant would not be permitted to introduce any evidence of fraud on the part of plaintiffs, and that the patents were the only testimony which would be received by the jury; and as the plaintiff had a patent of a prior date, he was entitled to the lands in question, and also damages for the trespass. It appeared, also, that the dates of the entries were inserted in the respective patents.
The jury, however, found a verdict in favor of the defendant, upon the grounds (as they declared) that the defendant, having made the first entry, was entitled to the land.
Upon a motion by the plaintiffs for a new trial, the questions arising out of the aforesaid facts are reserved for the opinion of the Supreme Court.
The law is too clearly in favor of the plaintiff to admit of a doubt.
Let there be a new trial.
NOTE. — See Wright v. Bogan, 2 N.C. 177; Dicky v. Hoodenpile,ibid., 358; Reynolds v. Flinn, ibid, 106; and see the cases referred to in the note to the last case.