CaeutheRS, J.,
delivered the opinion of the Court.
This is an appeal in error from a conviction of the crime of grand larceny in the Circuit Court of Haywood. "Various errors are assigned. 1. It is insisted there was no trespass in the taking. The prosecutor, in changing his clothes in the office of his livery-stable, unintentionally left his purse, containing the bank notes and some gold pieces, lying on an old saddle behind the door in the corner of the office, and while he was gone to his dinner, the purse and its contents were taken by the defendant and Williamson, who were jointly indicted; or it was taken up by a boy, not known, in the presence of defendant and by his direction, and handed to him. This, it is insisted, was not larceny, because it did not involve a trespass in the taking, as the purse was not taken from the possession of the owner. There certainly can be no question upon this point since our decision in the case of Pritchett vs. The State, 2 Sneed, 285, and other recent cases. A constructive possession is sufficient, but here was an actual possession. The fact of taking is not controverted: as to that, the proof is clear and indisputable.
*359 2. It is not, nor could it be, controverted that genuine bank notes are the subject of larceny in tbis State; but it is contended that the indictment must contain a particular description of them, or at least name tbe bank by which they 'Were issued, as well as allege that they were genuine and valuable. The charge here is that they were bank bills of certain denominations of the value, etc. The objection taken is, that it is not stated what bank they were upon, and the case of Baldwin vs. The State, 1 Sneed, 415, is referred to as an authority to that effect. It is true, in that case the Court said the designation of the bank alone was a sufficient description. It was argued there that more was required. It was not held in that case that it was essential to the validity of the indictment that the name of the bank which issued the notes should be stated. We think an indictment charging the stealing of valuable bank notes is good, so far as description is concerned. It would in many cases be impracticable to do more, and to require it would operate in practice to ■ save the guilty from just punishment. How often would it happen that a man would not recollect the kind of notes he had in his purse or pocket-book, although he would know they were genuine and valuable, and were stolen by the accused! There is no good reason for such strictness, nor is it necessary for the ends of justice.
The gold coin, and the four-dollar bill described, are thrown out of the case, because they were not the joint property of Bushel & Booke, as charged, and the case must stand upon the bank bills. The charge as to them is in these words: “ Ten five - dollar bank bills of the value of five dollars each, four ten-dollar bank bills *360 of the value of ten dollars each, two twenty - dollar bank hills of the value of twenty dollars each,” etc. We hold this to be a sufficient description, and the particular circumstances of description and identification necessary to make out the case are matters of proof. The evidence must show all the facts necessary to convince the jury that the notes stolen were genuine and valuable.
It was proved by Caleb Bushel, “that among the money stolen were Tennessee Bank bills, and several fives, as he believes, on the Planters’ Bank of Tennessee— of which, however, he is not positive, but so recollects— which were worth five dollars each ; that he received the money as genuine and passed it as such, and has no reason to doubt its genuineness — that it passed as currency; that there were at least $142 in the purse when taken, and he thinks more.” It was also proved that about $124 of the money stolen had been reclaimed from defendant, and since passed off in the course of business as currency. The defendant stated that he had spent some of the money, and divided a part of it with Williamson.
The Court was requested to charge the jury, “that it is necessary that the bank notes alleged to be the subject of the larceny should be proved to be genuine, and that the admission of defendant that he had spent or passed a portion of them is not sufficient proof of their genuineness.” This was refused, but the Court charged “that the fact of the bank bills passing currently made them prima facie good.” This was sufficient on that point, and was certainly as favorable to defendant as what he requested, if not more so. The proof was ample to show that the bills stolen passed currently, *361 and there is no rebutting evidence on the subject. There can be no doubt from the facts proved that the notes were genuine and valuable.
A'question is/ made upon an objection taken to any evidence as to the description of the bills or their genuineness, unless they were produced by the prosecutor, it having been shown that they had been reclaimed by him from the defendant. But it was also proved that they had been again passed off into circulation. The Court would and ought perhaps to have ordered their production, if then in the possession of the prosecutor, if any question had been made as to their being genuine. On an issue of that kind, it would be a strong circumstance for the defendant if they had been demanded and not produced. But when no demand was made of them, and it is shown they were not then in the hands of any one connected with the prosecution, there was no error in that respect.
Upon the whole, we think that the judgment must be affirmed.