## EUGENE HALL v. THE STATE.

1. CRIMINAL LAW. *Evidence as to what an absent witness testified on the committing trial. Not admissible.* It is error to permit a person to detail what he heard a witness on the committing trial state, when such witness is still living, because at the time of the trial he is not in attendance, being a resident of another State.

    Cases cited: State v. Atkins, 1 Tenn. (Overton), 229; Kendricks v. The State, 10 Hum., 479.

2. SAME. *Same.* A witness who has described a game or trick may state what he afterwards ascertained to be the name by which it was called. A professional gambler may state the mode of playing such game or trick.

3. SAME. *Juror. When competent. Householder.* A juror who resides in part of a house occupied by himself as a grocery, his widowed sister and her two children living with him, he paying the rent and furnishing the supplies, is a "householder," and a competent juror as to that question.

4. SAME. *Playing cards. Larceny. When.* Where a person is fraudulently induced to play at cards when he has no chance to win may be larceny, and in such case the game or trick is the device resorted to to get possession of the money or other stakes, and having no chance to win, falls within the principle decided in 3 Heis., 53.

    Case cited: Defrese v. The State, 3 Heis., 53.

### FROM SHELBY.

Appeal from the Criminal Court.    JOHN R. FLIPPIN, Judge.

L. B. HORRIGAN for Hall.

ATTORNEY-GENERAL HEISKELL for the State.

DEADERICK, J., delivered the opinion of the court.

Hall *v.* The State.

The plaintiff in error was convicted at the September Term, 1872, of the Criminal Court of Shelby county of grand larceny. Motions for a new trial and in arrest of judgment having been severally made and overruled, judgment of the court of three years confinement in the penitentiary was pronounced in conformity to the verdict of the jury, from which an appeal in error has been prosecuted to this court.

In the progress of the trial the Attorney General proposed to prove by the committing magistrate, upon the preliminary examination before whom James Brown was sworn, and cross-examined by the defendant, the statement made by said Brown as a witness. It was admitted that said Brown resided permanently in the State of Mississippi. The defendant Hall objected to the introduction of the testimony of Brown, but the objection was overruled and the magistrate was allowed to prove what said Brown testified before him. This is assigned as error, and able and ingenious reasoning is presented and many authorities referred to in the briefs of the Attorney General and the counsel for defendant in support of their respective positions.

The question presented in this case has not been adjudicated in this State.

It was held in an early case reported in 1 Tenn. (Overton's), 229, that what the prosecutor had sworn upon a previous trial in a criminal case could not be given in evidence against the defendant on a subsequent trial, the prosecutor being dead at the time of the last trial. In a later case, 10 Hum., 479, this holding is overruled, and it is held in the case last

named, which was an indictment for larceny, that upon the trial in the Circuit Court, what a witness testified before the committing court who died before the trial in the Circuit Court, might be proved by a witness who heard his testimony and was able to state in substance what was said on the particular subject to which he was called to testify, including his examination in chief and his cross-examination.

The court, in citing and referring to numerous cases, does not sanction the principle upon which the evidence is admitted in cases other than those in which it is utterly impossible to have a re-examination of the original witness.

To secure the attendance of the State's witnesses at the trial, the committing magistrate is directed to take from each material witness examined by him, on the part of the State, a written undertaking in the penalty of $250: Code, sec. 5068. If the magistrate has good cause to believe the witness will not appear, he may increase his bond and require security: Code, sec. 5069–70.

These are statutory provisions to enforce and secure the attendance of State's witnesses, whereas, by Code, sec. 5378, the accused may procure from the court an order to take the depositions of witnesses in his behalf. It does not appear that any means had been taken to secure the attendance of the absent witness. We are not disposed to extend the rule laid down and approved in the case in 10 Hum., 479. Doubtless cases may arise in which the ends of justice may be defeated for want of the testimony of a

recusant or absent witness. But on the other hand, witnesses who seek to evade a public examination in open court, are often those whose fabricated stories cannot pass the searching process of a thorough examination before the court and jury. While, therefore, it may be wise to relax the requirement that the accused shall have the right to meet the witnesses face to face, in all criminal prosecutions against him, so as to admit the testimony of a deceased witness, who had been examined in a previous trial in the same cause, we are of opinion that in view of the importance of a cross-examination, the manner and deportment of the witness before the court and jury, it would be unwise and of dangerous tendency to permit the evidence of a living witness upon the committing trial to be detailed by another witness because he was a resident of another State, and not in attendance at the time of the trial.

There was no error in allowing a witness, after describing the game or trick, to state what he afterwards ascertained to be the name by which it was called. Nor was it error to allow a "professional gambler," which one of the witnesses claimed to be, to state the mode in which the game or trick in question was played. Other witnesses, who did not claim to be "professional gamblers," testified to the manner of playing the game, and speculated as to the chances against the dealer, disclosing an extent of practical information upon the subject that could only be acquired by much experience, and which, in any other art or vocation, would have secured them recog-

nition as "professors," notwithstanding their modest disclaimers of the title, and they were properly allowed to testify as "experts."

John Smith was excepted to by defendant as a juror. He resided in part of a house occupied by him as a grocery store. His widowed sister and her two children lived with him. Smith rented the house and furnished it with supplies. This, we think, makes Smith master of the house and a householder, and therefore a competent juror.

It has been held by this court that where some stratagem or artifice has been fraudulently used to acquire the possession of property as by the "five cent trick," it is larceny: 3 Heis., 53.

The charge excepted to in this case declares that to fraudulently induce the prosecutor to play at cards when he has no chance to win, may be larceny, etc. In such case the game or, trick is the device resorted to to get the possession of the money or other stakes, and having no chance to win, it falls within the principle declared in the case in 3 Heis.

For the error in admitting the evidence of Brown's testimony before the committing court, the judgment is reversed.