STANLEY *et al. v.* STATE.

(*Jackson,* April Term, 1943.)

Opinion filed May 8, 1943.

BERT HODGE, of Bolivar and Dyersburg, and JONES GREER, of Dyersburg, for plaintiffs in error.

NAT TIPTON, Assistant Attorney-General, for the State.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The plaintiffs in error have been found guilty of procuring the burning of a house under chapter 151 of the Acts of 1933, and each sentenced to a year in the penitentiary. We have reviewed the evidence and disposed of other assignments of error in a full memorandum opinion heretofore filed. This separate opinion is filed to consider the assignment of error chiefly urged as a ground for reversal.

On the trial below, over objection, the State was permitted to prove that plaintiffs in error had taken out and were carrying insurance on their property destroyed in the fire, the proof indicating that this insurance was in an amount greater than the value of the property destroyed. It is urged that the admission of this evidence was prejudicial error and a ground for reversal under the decision of this Court in *Roberts* v. *State*, 47 Tenn. (7 Cold.), 359.

Roberts was indicted under the old arson statute providing that "Any person who wilfully and maliciously burns the house or out-house of another is guilty of arson." Section 4666, Code of 1858.

Under section 4670 of the Code of 1858 it was made a felony to "wilfully burn any building, goods, wares, merchandise, or other chattels which are insured against loss or damage by fire, or wilfully cause or procure the same to be burned, with intent to injure the insurer," whether the person committed the offense was the owner of the property or not.

In the *Roberts Case* evidence was admitted that Roberts carried insurance on the property burned and the admission of such evidence was held to be error requiring a reversal of a judgment of conviction.

Speaking of section 4666 and section 4670 of the Code of 1858, the Court said:

"These are distinct, substantive offenses, neither of which consists of different degrees; nor is either necessarily included within the other. The admission of evidence offered upon the trial by the prosecution, for the purpose of showing that the accused was guilty of the offense mentioned in section 4670 of the Code, was erroneous. This is not the charge he is required to answer."

The court below had permitted the proof as to insurance to go to the jury as evidence on the subject of felonious intent of the defendant.

While it would probably make no difference in our ruling herein, it may be observed that under the new arson statute, chapter 151 of the Acts of 1933, a person burning his own house would be guilty of arson. This was not the case under the old statute nor at common law.

Section 4670 of the Code of 1858 making it an offense to burn property with intent to injure an insurer is still a distinct, substantive offense. Therefore if *Roberts* v. *State* is to be followed, the admission of the evidence of insurance in this case was erroneous. On the point mentioned, *Roberts* v. *State* has not been cited nor followed in our subsequent decisions. The rule announced therein is not now the law and has not been for many years. In *Woodruff et al.* v. *State,* 164 Tenn., 530, 51 S. W. (2d), 843, 845, it is said:

"Evidence material to the issue under investigation in a criminal case is never rendered incompetent because it tends to show that the accused has committed other crimes. It is competent or incompetent according to whether it is relevant to the issue on trial and has probative value. If incompetent by the test, its tendency to show guilt of another offense may cause it to be prejudicial to the accused and therefore ground for reversal.

But evidence competent because relevant is not rendered inadmissible merely because it is prejudicial to the accused. This is the rule to be deduced from the leading case of *Defrese* v. *State,* 50 Tenn. (3 Heisk.), 53, 8 Am. Rep., 1, long recognized as authority, wherein the Court said: 'It may be safely assumed that whatever tends to explain or elucidate the charge in question, or to demonstrate the guilty connection of the parties therein, may be given in evidence though it may be a ground of another and distinct accusation. The intention to commit the crime is the essence of the offense, and that which illustrates the intention is always proper to be proven.' "

██ Evidence that one prosecuted under chapter 151 of the Acts of 1933 is carrying insurance on the property burned is without doubt admissible to show motive and felonious intent. In so far as *Roberts* v. *State* holds to the contrary, it is overruled.

The judgment herein is affirmed.