Bobby Joe WRIGHT, Petitioner,

v.

STATE of Tennessee, Respondent.

Supreme Court of Tennessee.

April 11, 1977.

Charles P. Dupree, Chattanooga, for petitioner.

Brooks McLemore, Atty. Gen., Linda Ross Butts, Asst. Atty. Gen., Nashville, Stephen M. Bevil, Thomas J. Evans, Asst. Dist. Attys. Gen., Chattanooga, for respondent.

## OPINION

HENRY, Justice.

Petitioner was convicted of petit larceny in the Criminal Court at Chattanooga and sentenced to serve not less than two (2) nor more than five (5) years in the penitentiary. His conviction was affirmed, in a split decision, by the Court of Criminal Appeals.

In his petition for certiorari filed in this Court, he insists (1) that the trial judge committed prejudicial error in not requiring the State to produce signed statements of the witnesses at the preliminary hearing; (2) that his conviction for larceny cannot stand because there was no evidence of the essential element of trespass, and (3) that the trial judge erred in not charging the jury that shoplifting is a lesser included offense in cases charging larceny and, therefore, that he should have been permitted to argue the shoplifting statute to the jury. We granted certiorari to treat with these insistences.

This is a shoplifting case. Petitioner removed merchandise having a value of less than one hundred ($100.00) dollars from a display counter at J. C. Penney's and was apprehended outside the store, with it in his possession.

### I.

We are unable to address the first issue authoritatively and with finality because the record does not reveal the existence of any signed statements made at the preliminary hearing. Section 40–1115, T.C.A., relating to preliminary hearings, provides:

> The evidence of the witnesses examined *shall* be reduced to writing by the magistrate, or under his direction, and *signed by the witnesses* respectively. (Emphasis supplied).

This statute has been in existence for well over a century. Its meaning is clear—its provisions mandatory. That it is unwieldly, unworkable, and unrealistic affords no justification for its violation and yet we must recognize that its breach is a pattern

of practice in preliminary hearings conducted in this state.

This statute, and other provisions of Chapter 11, Title 40, Tennessee Code Annotated, prompted this Court to submit to the Legislature, as a part of proposed Rules of Criminal Procedure, Rule 5.1, designed to replace the existing procedure with one more realistic and reasonable. This proposal now pends before the Legislature.

■ In the meantime the old law and procedure remain in effect. While the testimony of a witness at the preliminary hearing is not normally admissible at the ensuing trial, *Hall v. State*, 65 Tenn. 522 (1873), statements taken and signed pursuant to Sec. 40–1115 T.C.A. become a part of the file, become public records, and are available to the defendant and his counsel. Their admissibility is not a condition of their availability.

■ We overrule this assignment because the record is silent as to material particulars. What we have said thus far is for the guidance of the trial judge on remand.

We proceed to the remaining issues.

## II.

Petitioner insists that his conviction for larceny may not stand because there was no evidence of trespass.

■ It is established law in this jurisdiction that the essential elements of larceny are trespass and feloniously taking and carrying away. There must be a trespass, a taking and an asportation. *Caruso v. State*, 205 Tenn. 211, 326 S.W.2d 434 (1958).

The sole dispute on these elements in this appeal relates to the matter of trespass.

■ It has been established in this jurisdiction since Tennessee was a part of North Carolina that the essence of the offense is that the goods be taken against the will of the owner; or, phrasing it another way, to constitute larceny there must be a trespass

in the taking. *State v. Long*, 2 N.C. 177, 1 Hayw. 154 (1795).

■ Our early cases make it clear that larceny requires a trespass in the original taking, *State v. Braden*, 2 Tenn. 66 (1805); and that trespass is an offense against the possession of the owner, *Lawrence v. State*, 20 Tenn. 228 (1839); *Pritchett v. State*, 34 Tenn. 285 (1854), but the possession may be constructive, *Pyland v. State*, 36 Tenn. 357 (1857). A particularly significant early case is *R. H. Defrese v. State*, 50 Tenn. 53 (1870) wherein the Court held that when the owner did not part with possession willingly, or when there was a fraudulent appropriation, there was "a wrong, trespass, a violation of the possession". 50 Tenn. at 61.

In *Busler v. State*, 181 Tenn. 675, 682, 184 S.W.2d 24 (1944) the Court notes that larceny "has been characterized as a criminal trespass upon the right of possession."

■ In Burdick, Law of Crimes (1946) at Section 522, trespass, in the sense used in larceny cases, is defined thusly:

> Trespass is a wrong to another's possession or any wrongful dealing, *invito domino*, with the property of another, being, in larceny, the unlawful taking of personal property from the possession of another without his consent.

We approve this definition.[1] Indeed it is implicit in Sec. 39–4202, T.C.A., which reads as follows:

> Larceny is the felonious taking and carrying away the personal goods of another
> . . .

■ It is unimportant, in a shoplifting context, whether the initial act in removing goods from the shelf was for the fraudulent and wrongful purpose of reducing them to possession in violation of the rights of the owner, or whether it was for the legitimate and invited purpose of examination with a view to purchasing, followed by a decision to reduce them wrongfully to possession. The result is the same. The implied consent of the storekeeper extends only to in-

---

1. An excellent treatment of trespass will be found in Black's Law Dictionary, Revised Fourth Edition at pages 1674–75. See also 52A

C.J.S. Larceny §§ 1(1) and 7, and 50 Am.Jur.2d, Larceny, Sections 14, 23 and 28.

spection of merchandise and selection for purchase. The instant one determines to purloin the property the conversion is complete and trespass has occurred.

■ We hold that the essential element of trespass was established in this case, along with the other essential elements of both larceny and of shoplifting.

### III.

■ The essential elements of the crime of shoplifting are "(1) willfully taking possession of merchandise offered for sale in a mercantile establishment, (2) with the intention of converting the same to the taker's own use without paying the purchase price thereof." *Yearwood v. State*, 2 Tenn. Cr.App. 552, 455 S.W.2d 612, 617 (1970).[2]

It is evident that in any situation wherein the shoplifting statute is applicable, the elements of larceny and shoplifting are all but identical; any difference is largely semantic.

The first essential element of the offense of larceny is trespass—an offense against the possessory interest of another. The first element of shoplifting is willfully taking possession of merchandise offered for sale. This is a trespass. The fact that it is offered for sale only serves to identify a type of larceny generally known as shoplifting.

■ The second essential element of larceny is a felonious taking. The word felonious must be equated with wrongful or fraudulent, and does not necessarily mean that the act must be a felony. Again the first element of shoplifting is a taking. Actually, there is a redundancy in the elements of larceny in that the trespass is the taking and the taking is the trespass.

The third element of larceny is the carrying away—asportation. The second element of shoplifting is a wrongful conver-

sion or appropriation which is established by proof of carrying away without payment of the purchase price. Hence we have asportation in shoplifting, even though the defendant does not actually leave the premises.

With this background, we look to *Yearwood v. State*, 2 Tenn.Cr.App. 552, 455 S.W.2d 612 (1970), a shoplifting case, wherein the Court of Criminal Appeals upheld a conviction of larceny. There the Court held that the "[s]hoplifting statutes create a separate and distinct offense from that denounced by the general larceny or theft statutes . . . ." 455 S.W.2d at 616; that "the essential elements of larceny and shoplifting are by no means the same", 455 S.W.2d at 617 and that "[t]he crime described in the shoplifting statute is not an offense necessarily included in the crime of larceny . . . ." *Ibid.*

■ The Court laid down an "infallible test" for determining what constitutes a lesser included offense:

. . . the lesser included offense must be such that it is impossible to commit the greater without first having committed the lesser. 455 S.W.2d at 616–17

We agree that this is a valid test, but, when we subject the question presented to the test, we reach a different conclusion. In our view it would be utterly impossible to make out a case of petit larceny of merchandise from a retail mercantile establishment without establishing shoplifting.

■ We think a better test was laid down by this Court, speaking through the late Justice Weldon White, in *Johnson v. State*, 217 Tenn. 234, 397 S.W.2d 170 (1965):

The true test of which is a lesser and which is a greater crime is whether the elements of the former are completely contained within the latter, so that to prove the greater the State must first

---

**2.** Sec. 39–4235, T.C.A. provides, in pertinent part: Any person who shall willfully take possession of any goods, wares or merchandise not exceeding the value of one hundred dollars ($100) offered for sale by any store or other mercantile establishment with the intention of

converting the same to his own use without paying the purchase price thereof, shall be guilty of the offense of shoplifting and shall be punished by a fine of not more than three hundred dollars ($300) or imprisonment for not more than six (6) months, or both.

prove the elements of the lesser. 217 Tenn. at 243, 397 S.W.2d at 174.

Again, proof of larceny of merchandise from a retail establishment perforce of necessity involves proof of the essential elements of shoplifting.

We think the instant case is analogous to the factual and legal situation presented in *Spencer v. State*, 501 S.W.2d 799 (Tenn. 1973). There the Court held that "joyriding" as denounced by Sec. 59–504, T.C.A., is a lesser included offense to larceny, and that the joyriding statute should be charged upon defendant's request therefor. The Court said:

> From a careful examination of the elements of both crimes, it is clear that the only difference in the two is that in "joyriding" there is not the element of intent to steal. Thus, we hold that the "joyriding" statute, § 59–504, T.C.A., stands as an included offense of larceny. 501 S.W.2d 800.

■■■■■■ We hold that shoplifting, as denounced by Sec. 39–4235, T.C.A., is a lesser included offense within petit larceny. The failure of the trial judge to so instruct the jury and to permit appropriate argument was plain and prejudicial error.

■■■ Independent of the special request made in this case it is the duty of the trial judge to give such a charge without request. Sec. 40–2518, T.C.A.

Reversed and remanded.

COOPER, C. J., and FONES, BROCK and HARBISON, JJ., concur.