**Jimmy A. RAY, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Dec. 19, 1977.

Certiorari Denied by Supreme Court March 20, 1978.

James L. Weatherly, Jr., Knoxville, for appellant.

Brooks McLemore, Jr., Atty. Gen., Jack E. Seaman, Asst. Atty. Gen., Nashville, Ronald A. Webster, Dist. Atty. Gen., Kim A. Tollison, Asst. Dist. Atty. Gen., Knoxville, for appellee.

DUNCAN, Judge.

## OPINION

At a bench trial in the Knox County Criminal Court, the defendant, Jimmy A. Ray, was found guilty of reckless driving. The defendant went to trial on a warrant which charged him with operating a motor vehicle while under the influence of an intoxicant (D.U.I.). He was acquitted of this offense, but the court allowed the warrant to be amended to charge the offense of reckless driving. The defendant argues that the court erred in allowing this amendment to the warrant. We agree.

The State argues that the reckless driving conviction should be allowed to stand, insisting that reckless driving is a lesser included offense of D.U.I. We are unable to accept the State's proposition on this point.

The elements of D.U.I. are: (1) driving or being in physical control of a motor vehicle, (2) upon a public thoroughfare, (3) while under the influence of an intoxicant or narcotic drug. See T.C.A. § 59–1031.

The elements of reckless driving are: (1) driving a vehicle, (2) in willful or wanton disregard for the safety of persons or property. See T.C.A. § 59–858(a). In *Burgess v. State*, 212 Tenn. 315, 369 S.W.2d 731 (1963), the court said:

> Since the passage of the 1955 Act, willful or wanton disregard for the safety of persons or property is made the essential element of the offense of reckless driving. Willful or wanton disregard for the safety of persons or property is more than merely driving at a speed or in a manner so as to endanger or be likely to endanger the life, limb or property of any person. 212 Tenn. at 318, 369 S.W.2d at 732.

In *Wright v. State*, 549 S.W.2d 682 (Tenn. 1977), our Supreme Court considered two tests for determining whether an offense is a lesser included offense of another.

The court recognized that one valid test was:

> . . . the lesser included offense must be such that it is impossible to commit the greater without first having committed the lesser. 549 S.W.2d at 685.

The court further suggested that a better test was the following:

> The true test of which is a lesser and which is a greater crime is whether the elements of the former are completely contained within the latter, so that to prove the greater the State must first prove the elements of the lesser. 549 S.W.2d at 685–86.

■ The reckless driving element of "willful or wanton disregard for the safety of persons or property" is not a necessary or required element of D.U.I., and there is no requirement that the State must prove the elements of reckless driving to sustain a conviction for D.U.I.

■ Under the statute prohibiting the driving or operating of a motor vehicle

while under the influence of an intoxicant, it is not even necessary to show that the vehicle was in motion or that the engine was running at the time. *Bradam v. State*, 191 Tenn. 626, 235 S.W.2d 801 (1950). Obviously, the same thing cannot be said about the offense of reckless driving.

The only logical conclusion that can be drawn from *Usary v. State*, 172 Tenn. 305, 112 S.W.2d 7 (1937) is that D.U.I. does not include the offense of reckless driving. That case involved a prosecution on a two-count indictment, the first count charging D.U.I., and the second count charging reckless driving. The jury acquitted the defendant on the D.U.I. count, disagreed on the reckless driving count, and a mistrial on that count was declared. If reckless driving had been a lesser included offense of D.U.I., then an acquittal of Usary of D.U.I. would necessarily have carried with it an acquittal of reckless driving; however, the court obviously recognized that reckless driving was not a lesser included offense of D.U.I. and that the two offenses were separate and distinct, because the court held that a subsequent trial on the reckless driving count was proper and was not subject to a plea of former jeopardy.

Therefore, considering the difference in the elements of reckless driving and D.U.I., and applying these elements to the tests enunciated in *Wright v. State, supra*, we hold that reckless driving is not a lesser included offense of D.U.I. Thus, it necessarily follows that the court erred in allowing the warrant to be amended to charge reckless driving. This was an additional and separate offense and, in the absence of the defendant's consent, such amendment was not authorized by law. *Murff v. State*, 221 Tenn. 111, 425 S.W.2d 286 (1967).

The defendant's innocuous complaints about not being afforded a court reporter at the expense of the State, and about not being provided with a breath sample for testing purposes are of no significance. This record is before us on an adequate narrative bill of exceptions, and the defendant was acquitted of the charge of D.U.I. We overrule those complaints. However,

for the reasons stated, we sustain the defendant's complaint that he cannot be found guilty of reckless driving in this D.U.I. prosecution.

We reverse the defendant's conviction and the case is dismissed.

BYERS, J., concurs.

GALBREATH, Judge, dissenting.

I cannot agree with the majority that the conviction in this case should be reversed.

The appellant was charged by warrant with operating a motor vehicle upon the public highway of Knox County while under the influence of an intoxicant. Following appeal from conviction for reckless driving in General Sessions Court and a trial de novo, the defendant was again found guilty of reckless driving; the trial judge dismissing the D.U.I. charge and allowing a motion to amend the warrant to charge that offense. This action is assigned as error.

An amendment of a warrant charging a misdemeanor may, under limited circumstances, be amended so long as the amendment does not change the nature of the offense or add a new offense. See *Murff v. State*, 221 Tenn. 111, 425 S.W.2d 286 (1967).

A warrant serves the same purpose or office, if the defendant elects to waive grand jury investigation of the charge(s) against him, as would an indictment or presentment. It should set out with reasonable clarity the offense charged either by name or so that it can be clearly inferred. T.C.A. § 40–708. It is axiomatic that basic due process requires one to be put on notice of just what he is accused of in order that he may defend himself. *Wisconsin v. Constantineau*, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971). When the defendant was made aware that he was accused of operating, upon a public thoroughfare, a motor vehicle while under the influence of an intoxicant at a certain time and place, he was, in my view, fully apprised that he was alleged to have been operating the vehicle in a reckless manner.

I would hold as a matter of law and fact that any person who undertakes to drive a

motor vehicle while drunk is acting in a wanton and grossly negligent manner amounting to reckless driving. It does not matter that one who undertakes to operate a vehicle while under the influence of an intoxicant is not involved in an accident, or even that he appears to operate the vehicle in a careful and prudent fashion. The mere fact that he is drunk renders him unfit to drive or to be in control of a motor vehicle. "Driving while drunk is an act malum in se, highly criminal, fraught with danger and evinces such entire want of care and indifference to results as to constitute wanton negligence." *Rice Bros. Auto Co. v. Ely*, 27 Tenn.App. 81, 178 S.W.2d 88 (1943).

I would accordingly hold that every charge of operating a motor vehicle while intoxicated embodies within it the offense of reckless driving. I submit that while one may be guilty of reckless driving while sober, one cannot drive a motor vehicle while drunk without being reckless.

I do not find it was necessary for the trial judge to amend the warrant since reckless driving was proved in the trial for D.U.I. I would affirm the conviction for the lesser included offense or reckless driving.

I do not find the analogy the majority makes with the facts in this case and those in *Wright v. State*, 549 S.W.2d 682 (Tenn. 1977), insupportive of the result I would reach. In *Wright* the Supreme Court agreed with the position I urged in this Court in dissent that is essentially the same as I now again set forth. Until *Wright* our Court had insisted that shoplifting was a separate and distinct offense from that of larceny. I had insisted, alone, that it was a lesser included offense. This was the same position I had urged upon a majority of this Court in respect to the joy riding statute, i. e., that a limited taking of an automobile could factually be a lesser included offense of larceny. See *Spencer v. State*, 501 S.W.2d 799 (Tenn.1973).

Now it is recognized beyond cavil (because the Supreme Court has so held) that one may be charged with stealing an automobile and, if the facts support such a finding, be found guilty of joy riding only.

Or, of taking merchandise from a store and be guilty of either larceny or shoplifting, depending again upon the facts.

To hold that one cannot be guilty of reckless driving who has been charged with D.U.I. only may, if binding on the trial courts, create a number of serious problems. Two immediately occur to me.

It is sometime quite difficult to prove that one was under the influence of an intoxicant. Scientific tests are not, as in this case, always available and often witnesses are mistaken as to the conclusions made. For example, a motorist might, in a grossly negligent manner, drive an automobile through a school zone and injure children in a crosswalk. Due to a head injury and a strong odor of alcohol from a broken bottle, the driver might give every appearance of being drunk and be arrested for D.U.I. even though at trial he proves himself to have been a complete abstainer from alcoholic beverages. He has still committed a serious offense in operating his automobile in a reckless manner. Under the majority holding he could not be punished for this violation.

In all of the jurisdictions of the State with which I am familiar with the practice of criminal law, it is the frequent disposition of a D.U.I. case for the prosecution to announce that, subject to the approval of the court, the charge is being reduced to reckless driving on a plea of guilty. This method of disposing of these cases in which, for lack of adequate proof or in furtherance of some diversionary program for traffic offenders, the State and the lower courts deem it advisable to recognize reckless driving as a lesser included offense of D.U.I. will, it seems to me, be made improper by the majority's holding.

In summary, we deal here, as we did in *Wright* and *Spencer*, with reason and logic based on fact rather than legal principal as such. Just as factually it is now recognized where there is probable cause to believe one has stolen an automobile, he may, under the facts, only be guilty of joy riding, or that one believed to have committed larceny in the taking of merchandise from a store may

only be guilty of shoplifting. Factually, one who gives an appearance of having operated a motor vehicle while drunk may be found instead to have been guilty of reckless driving.

It is facts, not just law, that must guide. Thus, one accused of reckless driving by operating a motor vehicle at a speed of more than one hundred miles per hour might be acquitted of that charge but found guilty of violating T.C.A. § 59–852, establishing the maximum speed limit in the State, because the fact of speeding was included in the purported reckless driving. The law directs: "The defendant may also be found guilty of any offense the commission of which is necessarily included in that with which he is charged." T.C.A. § 40–2520.

*Wright* and *Spencer* have made clear that the word "necessarily" does not mean that it is indispensible that the lesser offense must always be included in the commission of a greater offense since it is obvious that one can commit larceny without joy riding or taking merchandise from a store. There are many ways to commit larceny. Taking an automobile from its parking place or a chain saw from a retail store store may, or may not, be two.

There are many ways to commit the offense of reckless driving. Driving while drunk is one. See *Rice Bros. Auto Co. v. Ely, supra.* Although there was probable cause to believe the defendant in this case had, while under the influence of an intoxicant, engaged in the reckless conduct charged, the facts did not support this.

However, in this case the defendant, by his own admission, drove his automobile at an excessive rate of speed under slick and hazardous road conditions resulting in an accident. I cannot say that the trier of fact was not justified in finding that this amounted to reckless driving.

For the reasons set out above, I respectfully dissent.