**STATE of Tennessee, Appellee,**

v.

**Steven G. McARTHUR, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Jan. 18, 1983.

David M. Himmelreich, Asst. Atty. Gen., Nashville, C. Wayne Hyatt, Asst. Dist. Atty. Gen., Gallatin, for appellee.

Randall Kinnard, Nashville, for appellant.

OPINION

DAUGHTREY, Judge.

Because the record in this case reveals a fatal variance between the indictment and the proof at trial, the judgment of conviction against defendant Steven G. McArthur must be reversed and the charge dismissed.

McArthur was indicted for fraudulent breach of trust. The proof showed that while acting as a sales agent for Distra Enterprises, Ltd., a New York wholesale jewelry distributor, McArthur had received over $100,000 worth of the company's merchandise but accounted for only $38,000 in proceeds. Defense counsel was careful to establish that during the time the jewelry was in McArthur's custody, it remained the property of the company and subject to the orders of Mr. Nathan Berger, who was principal owner of Distra. The testimony also established that the merchandise was in McArthur's possession as part of Nathan Berger's "trade," that is, the business of wholesale distribution of jewelry.

McArthur's assignment as sales agent was to make calls on area jewelry stores, selling the merchandise in Distra's name, with invoices and payment made out to Distra. Over a two month period Berger received some $38,000 from the defendant's sales. But when called upon to account for the remaining $65,000 in goods for which Distra had not received payment, McArthur was unable to do so. The proof further showed that he had fabricated invoices to cover the missing jewelry.

McArthur testified at trial that the goods had been stolen from his apartment. He said he "panicked" when he discovered the jewelry missing because he knew the loss was due to his negligence. He further said that for this reason he did not notify either the police or any of his business associates of the alleged theft.

McArthur was found guilty of an attempt to commit a felony, specified in the trial judge's charge as a fraudulent breach of trust, and received a sentence of one to three years in the penitentiary.

The defendant made timely motions for judgment of acquittal, pointing out to the trial court that under the statutes the state's theory made out the offense of larceny and not that of fraudulent breach of trust. The trial judge studied the relevant statutory provisions and then expressed his well-founded disgust at the virtually meaningless technicalities that infect Tennessee law in this area and his dismay at the failure of the legislature to ameliorate the problem. He finally announced that if it were necessary to dismiss the present charge based on such a technicality, the appellate courts would have to take that action because he simply was not going to do so.

It is thus our unfortunate task to reverse the conviction and enter the correct judgment in this case. Our action undoubtedly will lead to a new indictment and further litigation against McArthur, all because of arcane distinctions in the statutes which have apparently heretofore escaped the attention of the local district attorney.

T.C.A. § 39–4226 defines fraudulent breach of trust as the "fraudulent appropriation of personal property or money by anyone to whom it has been delivered on deposit, pledge, sequestration, or to be carried or repaired, or in whose hands or under whose control it may be by his position as clerk, agent, factor, or bailee, or any contract or trust by which he was bound to deliver or return the thing received or its proceeds...." This statute was first enacted to make illegal those misappropriations which would not have constituted larceny at common law because there was no trespass involved in the taking and no simultaneous intent to deprive the owner of his property. *Hall v. State,* 43 Tenn. 125, 127 (1866), *Lovelace v. State,* 80 Tenn. 721, 723 (1883); *Hill v. State,* 159 Tenn. 297, 17 S.W.2d 913, 914 (1929); *Raine v. State,* 143 Tenn. 168, 226 S.W. 189, 196 (1920). At first blush, it would appear that the defendant's conduct in this case brings him squarely within the perimeters of the statute. The goods in question had been delivered to him as agent of the owner, under an agreement by which he was to return the goods or their proceeds, and the proof showed that he had failed to do so despite what he claimed was a lack of bad faith on his part.

However, T.C.A. § 39–4224 specifically provides that a "fraudulent appropriation of property by any person to whose charge or care it is delivered, *subject to the immediate orders of the owner,* or to the use of it in his presence, *or for the purpose of his trade,* is larceny." (Emphasis added.) Moreover, one section of T.C.A. § 39–4227 makes it abundantly clear that McArthur's conduct can *only* be considered larceny by providing that a transfer of goods such as occurred here is not a "delivery" under T.C.A. § 39–4226:

> The giving to another the charge or care of property subject to the immediate orders of the owner, or the use of it in his presence, or for the purpose of his trade, is not a delivery within the meaning of the description of breach of trust. A fraudulent appropriation of property so delivered is larceny.

The proof is clear that the defendant in this case had charge of property "subject to the immediate orders of [its] owner" and "for the purpose of his trade." It follows inescapably that the offense for which he was liable was larceny and not fraudulent breach of trust.

For this reason, we reverse the judgment of the trial court and dismiss the charge against this defendant.

TATUM and SCOTT, JJ., concur.