STATE of Tennessee, Appellee,

v.

Charlene HOUSTON, Appellant.

Court of Criminal Appeals of Tennessee, at Jackson.

Nov. 28, 1984.

Permission to Appeal Denied by Supreme Court March 11, 1985.

William M. Leech, Jr., Atty. Gen. & Reporter, Raymond S. Leathers, Asst. Atty. Gen., Nashville, John T. Fowlkes, Jr., Asst. Dist. Atty. Gen., Memphis, for appellee.

Leslie I. Ballin, Memphis, for appellant.

## OPINION

O'BRIEN, Judge.

Charlene Houston and a co-defendant, Patricia Nixon, were indicted by the Shelby

County Grand Jury for grand larceny. Tried to a jury they were both found guilty and sentenced to serve not less than three (3) years nor more than six (6) years in the State Penitentiary. Nixon waived her right to appeal. Houston raises several issues before this Court.

Defendant's assertion that the evidence preponderates against her guilt requires a summary of the proof submitted to the jury.

Co-defendant Nixon was employed in the Linen Department of Goldsmith's Department Store in Memphis. A fellow employee, noting what she considered to be unusual conduct on the part of Ms. Nixon, notified security. Nixon was observed stacking merchandise on a counter in the Linen Department and placing it into sacks. She then took the sacks to the stock room. She called a stock worker, John Kennedy, to move the sacks of merchandise to the customer pick-up dock and advised him a customer named Houston would pick up the packages around 8:00 p.m.

Store security personnel advised Mr. Kennedy to notify them if a customer asked for the merchandise. Ms. Houston arrived at the customer pick-up area about 8:30 p.m., and made such a request. Mr. Kennedy asked for her sales receipt or ticket. She replied she was picking up the items for a friend and had no ticket. There was no sales ticket on the merchandise. In order to pick up purchased items at the Goldsmith Loading Dock a customer must have a sales ticket, or present identification for merchandise that is ticketed. In either type transaction the dock worker must receive a sales ticket prior to delivering merchandise. Any alteration in this procedure must be personally approved by the store manager. Neither Ms. Nixon nor Ms. Houston had the required sales ticket, nor did one accompany the merchandise. There was no cash register entry corresponding to the sale of the merchandise.

In her argument relating to the preponderance of the evidence defendant insists the goods in question never left the possession of Goldsmith's Department Store, therefore there was no trespass, no asportation, and thus no larceny.

 Grand larceny is the felonious taking and carrying away of goods over the value of Two Hundred Dollars ($200). T.C.A. § 39-3-1103. The law in this State is that there must be a trespass, a taking and an asportation. *Wright v. State*, 549 S.W.2d 682, 684 (Tenn.1977). The trespass is an offense against the possession of the owner. *Wright v. State*, supra. It matters not on the issue of trespass that Ms. Nixon had charge of the merchandise to dispose of by sale or any other instructions of her employer. A fraudulent appropriation of property by any person to whose charge or care it is delivered, subject to the immediate orders of the owner, or to the use of it in his presence, or for the purpose of his trade, is larceny. T.C.A. § 39-3-1118(a). See *State v. McArthur*, 648 S.W.2d 659, 660 (Tenn.Cr.App.1983). The removal of the goods by Ms. Nixon with the intent to wrongfully possess them created the trespass, as well as a taking. *Wright*, supra at 685.

 Asportation is accomplished by the slightest movement of personalty by trespass. It is not necessary that the property be moved from the place or premises in which it is kept, such as would constitute a complete severance. The act of a thief in putting an article into his pocket or into any kind of receptacle which he carries is an asportation, even though he may never leave the owner's premises. See *Freeman v. State*, 520 S.W.2d 739, 741 (Tenn.Cr.App. 1974).

 The evidence presented at trial was fully sufficient for a rational finder of fact to determine defendant Houston actively participated in the larceny, either as a principal, or as an aider and abettor. The evidence established that she and Nixon were working in concert with each other to steal the property from Goldsmith's. The verdict of the jury was warranted by the evidence and we find the issue to be without merit.

Defendant contends the trial court erred in allowing the State witness, Kennedy, to testify that co-defendant Nixon had told him a customer named Houston would come to claim the merchandise. She argues that she was denied the right of confrontation and the testimony was a violation of the rule in *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

In *Bruton* the United States Supreme Court held that admission of a co-defendant's confession implicating an accused at a joint trial constituted prejudicial error even in the light of clear, concise and understandable instructions that the confession could only be used against the co-defendant and must be disregarded with respect to the other. There was no such confession in this case. These were comments made in the course of an ongoing conspiracy to rob Goldsmith's Department Store which involved this defendant as a co-conspirator. A conspiracy is defined as a combination between two or more persons to do a criminal or an unlawful act or a lawful act by criminal or unlawful means. It is not necessary that the conspiracy be set out in the indictment, but only that a conspiracy be established by the evidence. Once a conspiracy has been established, evidence of any act or declaration of a conspirator during the conspiracy, and in furtherance of it, is admissible as substantive evidence against any co-conspirator on trial for the commission of the target crime. (Citations omitted), *State v. Lequire,* 634 S.W.2d 608 (Tenn.Cr.App.1981).

Defendant complains of three statements made by State's counsel during closing and rebuttal argument. Defendant has failed to cite authority for the propositions in her argument which constitutes a waiver of the issue. *State v. Eberhardt,* 659 S.W.2d 807, 811 (Tenn.Cr.App.1983). Nonetheless the issues are without merit. The Assistant District Attorney argued that Houston was an aider and abettor based on Nixon's statement to the witness Kennedy that Houston was coming to pick up the merchandise. As we have indicated heretofore this was properly admissible testimony, and so it is fair grounds for argument.

Defense counsel, in arguing to the jury, attempted to explain the law of circumstantial evidence. Counsel's explanation was a mis-statement of the law. The State's objection was properly sustained. It is the province of the trial judge to state to the jury the law of the case, and it is not advisable for counsel to attempt to do so in final argument because of the possibility of error in their summation. See *State v. Smith,* 626 S.W.2d 283, 285 (Tenn.Cr.App.1981).

Finally defendant argues it was improper to allow the prosecutor, in rebuttal argument, to state that there was not an attempt but a completed larceny, on the premise that neither defendant had argued that there was an attempt. Properly, rebuttal argument is limited to the subject matter covered in the State's opening argument and the defendant's intervening argument. Tenn.R.Crim.P. 29.1(b). Counsel for both defendants argued this crime was not completed because the merchandise never left the premises of Goldsmith's store. Under the circumstances the comment of the District Attorney appears to be a response to defendant's argument. This issue too is without merit.

We do not find reversible error and affirm the judgment of the trial court.

DUNCAN, and TATUM, JJ., concur.