STATE of Tennessee, Appellee,

v.

Leard Edward BROWN and Robert
Clayton Pell, Appellants.

Court of Criminal Appeals of Tennessee,
at Knoxville.

June 6, 1985.

Thomas M. Fleming, Don Moore, Chatta-
nooga, for Brown.

Ed Lane, Chattanooga, for Pell.

W.J. Michael Cody, Atty. Gen., Gordon
W. Smith, Asst. Atty. Gen., Nashville, Ste-
phen M. Bevil, Asst. Dist. Atty. Gen., Chat-
tanooga, for appellee.

OPINION

TATUM, Judge.

The defendants, Leard Edward Brown
and Robert Clayton Pell, were indicted for
arson, in violation of T.C.A. § 39–3–202,
and were convicted of burning insured
property, in violation of T.C.A. § 39–3–205.
The jury fixed the punishment of each de-
fendant at 10 years in the State penitentia-
ry. On this appeal, the defendants have
presented several issues for review which
we need not consider as we must reverse
and dismiss the judgments of conviction on
a proposition not raised by the defendants.

The State has candidly pointed out in its
brief that although the defendants were
indicted for violating T.C.A. § 39–3–202,
they were convicted of violating T.C.A.
§ 39–3–205. Under our law, a conviction
for burning insured property under T.C.A.
§ 39–3–205 cannot stand when the defend-
ant is indicted only for the offense of ar-
son, in violation of T.C.A. § 39–3–202. The
indictment charges in pertinent part:

"That Leard Edward Brown and Rob-
ert Clayton Pell heretofore on the 2nd
day of June, 1982, in the County afore-
said, did unlawfully, willfully, feloniously
and maliciously set fire to or burn or
cause to be burned, a building, the prop-
erty of Leard Edward Brown and Edna
Brown, against the peace and dignity of
the State."

We note that the trial judge instructed
the jury with reference to T.C.A. § 39–3–
202, § 39–3–205 and § 39–1–505 as follows:

"As heretofore stated, the defendants
are charged in the indictment with the
crime of Arson.

The statutes pertaining to this offense
as named or comprehended in this indict-
ment are found in the following sections
of the Tennessee Code Annotated:

39-3-202. Any person who willfully and maliciously sets fire to or burns, causes to be burned, or who aids, counsels or procures the burning of any house or outhouse, or any building, or any other structure, the property of himself or of another, shall be guilty of arson and shall be punished by confinement in the penitentiary for not less than three (3) years nor more than twenty-one (21) years.

39-3-205. If any person willfully burn any building, good, wares or merchandise, or other chattels which are insured against loss or damage by fire, or willfully cause or procure the same to be burned, with intent to injure the insurer, whether such person be the owner of the property or not, he shall be punished by imprisonment in the penitentiary not exceeding ten (10) years.

39-1-505. Any person who willfully and maliciously attempts to set fire to or attempts to burn or to aid, counsel, or procure the burning of any of the buildings or property mentioned in § 39-3-202, 39-3-203, or who commits any act preliminary thereto, or in furtherance thereof shall be guilty of arson, and upon conviction thereof shall be sentenced to the county jail or workhouse for a period not to exceed eleven (11) months and twenty-nine (29) days."

The jury was instructed by the trial judge to first consider whether the defendants were guilty of violating T.C.A. § 39-3-202, and that if they found them not guilty of that offense, then to consider their guilt of violating T.C.A. § 39-3-205. In the event the jury found them not guilty of the latter offense, then they were instructed to consider the defendants' guilt of the violation of T.C.A. § 39-1-505. Hence, by finding the defendants guilty of T.C.A. § 39-3-205, burning insured property, the jury acquitted them of arson, in violation of T.C.A. § 39-3-202.

The indictment did not charge that the property burned was insured or that it was burned with the intent to injure the insurer. Therefore, T.C.A. § 39-3-205 is not included in the indictment charging a violation of T.C.A. § 39-3-202. In *Howard v. State*, 578 S.W.2d 83 (Tenn.1979), our Supreme Court adopted the following rule with respect to "included offenses":

"We believe that the better rule, and the one to be followed henceforth in this State, is the rule adopted implicitly by this court in *Wright v. State* [549 S.W.2d 682 Tenn. (1977)], *supra*, that, in this context, an offense is necessarily included in another if the elements of the greater offense, as those elements are set forth in the indictment, include, but are not congruent with, all the elements of the lesser. If there is evidence to support a conviction for such a lesser offense, it must be charged by the trial judge."

In *State v. Smith*, 656 S.W.2d 882, 889 (Tenn.Crim.App.1983), in reviewing a conviction for arson (§ 39-3-202), a panel of this court said:

"Next the defendant claims that he was entitled to have the jury instructed on the lesser included offense of burning insured property, as set out in T.C.A. § 39-3-205. The short answer to this contention is that not all the elements of § 39-3-205 were included in the indictment, and under the rule in *Howard v. State*, 578 S.W.2d 83, 85 (Tenn.1979), the defendant could not be convicted of that offense. It was therefore proper to refuse to charge it. Moreover, the Tennessee courts have previously held that burning insured property is not a necessarily included offense of arson. *Roberts v. State*, 47 Tenn. 359, 363 (1870); *Stanley v. State*, 180 Tenn. 70, 171 S.W.2d 406 (1943)."

We therefore hold that the indictment does not charge or permit the placing of the defendants in jeopardy for the burning of insured property and, that their con-

victions for burning insured property pursuant to T.C.A. § 39–3–205 cannot stand. Though this error was not assigned by the defendants on appeal, we have considered it pursuant to Rule 52(b), T.R.Cr.P., since it involves due process rights. *See* Tennessee Constitution, Article I, Section 14; *Howard v. State, supra.*

The judgments of the trial court are reversed as to both defendants and the indictment is dismissed.

WALKER, P.J., and SCOTT, J., concur.