IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 17, 2002 Session

## EFFIE LOUISE HAYES v. ROGER STRUTTON, ET AL.

**Appeal from the Circuit Court for Hamilton County**
**No. 01-C-700      Jackie Schulten, Judge**

**FILED JUNE 11, 2002**

**No. E2001-01765-COA-R3-CV**

Plaintiff/Appellant, Effie Louise Hayes, appeals the Hamilton County Circuit Court's judgment on the pleadings dismissing her complaint wherein she asserted that the Defendants/Appellees, Roger Strutton, Betty Strutton, Gary Lester and Mark Rothberger, defrauded her of real property. We affirm the judgment of the Circuit Court.

**Tenn.R. App.P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

Effie Louise Hayes, Chattanooga, Tennessee, *pro se*

Arthur P. Brock and Daniel M. Stefaniuk, Chattanooga, Tennessee, for the Appellee, Mark G. Rothberger

Gary E. Lester and Robert S. Grot, Chattanooga, Tennessee, for the Appellees, Roger Strutton, Betty Strutton and Gary Lester

**MEMORANDUM OPINION**

This is an appeal from a judgment of the Circuit Court for Hamilton County granting motions for judgment on the pleadings filed by the Defendants/Appellees, Roger Strutton, Betty Strutton, Gary Lester and Mark Rothberger, and dismissing the complaint of Effie Louise Hayes wherein she asserted that the Defendants/Appellees, Roger Strutton, Betty Strutton, Gary Lester and Mark Rothberger defrauded her of real property.

We find this is an appropriate case for affirmance under Rule 10 of this Court.

Two orders were entered by the Circuit Court setting forth its final judgment in this matter. The first of these orders, which was entered on June 22, 2001,dismisses Ms. Hayes' complaint as to Defendant Mark Rothberger. The second of the orders, which was entered on August 10, 2001, dismisses Ms. Hayes' complaint as to Defendants Roger Strutton, Betty Strutton and Gary Lester.

The order dismissing Ms. Hayes' complaint as to Mr. Rothberger sets forth the following findings:

1. The gravamen of the plaintiff's Complaint against Rothberger is malpractice, and the plaintiff's cause of action against defendant Rothberger is barred by the applicable statute of limitations, T.C.A. sec 28-3-104(a)(2);

2. This Court is without jurisdiction to undertake disciplinary proceedings as T.C.A. sec 28-3-202(a) has been repealed;

3. There is no genuine issue as to any material fact and defendant Rothberger is entitled to judgment as a matter law given that the claims against defendant Rothberger asserted in the plaintiff's Complaint are barred by the doctrine of res judicata as they have been dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure by the United States District Court, Eastern District of Tennessee in Effie Louise Hayes vs. United States Bankruptcy Court, et al., Docket No. 1:-CV-055.

The order of the Circuit Court entered July 30, 2001, dismisses Ms. Hayes's claim against the remaining Defendants based upon the following findings:

1. The plaintiff fails to state a claim upon which relief can be granted;

2. Plaintiff's claims based on 42 U.S.C. sec.s 1982, 1983, 1984, and 1985 and Tenn.Code.Ann. sec.s 39-14-117, 39-11-710, 39-11-710 and 39-11-712 are barred based on the doctrine of res judicata being that Federal District Court for the Eastern District of Tennessee, Southern Division dismissed all of plaintiff's claims against the same defendants based on those very same statutes in case number 1:00-CV-055;

3. Plaintiff's claims against Roger and Betty Strutton and Gary Lester for common law fraud are barred by the doctrine of res judicata in that a court of competent jurisdiction entered judgments on the merits concerning the same cause of action and involving the same parties in the General Sessions Court of Hamilton County, Tennessee in cases number D441497 and 444008;

4. This Court is without jurisdiction to undertake disciplinary proceedings as T.C.A. sec. 23-3-202(a) has been repealed.

We note that on March 20, 2002, Ms. Hayes filed two briefs in this appeal. One of these briefs is styled "EFFIE LOUISE HAYES Appellant, vs. MARK G. ROTHBERGER Appellee.". The other brief is styled "EFFIE LOUISE HAYES Plaintiff/Appellant, vs. ROGER STRUTTON, BETTY STRUTTON, AND GARY E. LESTER Defendant/Appellees"

In her brief with regard to Mr. Rothberger, Ms. Hayes has failed to state in what respect she contends that the Circuit Court erred in its order of August 10, 2001, dismissing her complaint against Mr. Rothberger. She has further failed to articulate issues presented for our review and she summarizes her argument as follows:

If someone stole your money, that person would probably be serving time. It appears that a difference has been made between civilian and law. It appears that because of Mark Rothberger's position, he has a license to steal. It was stated by Hayes that Attorney Rothberger used the U.S. Bankruptcy Court to steal.

This summary fails to address any of the grounds for dismissal set forth by the Court in its order August 10, 2001. Because Ms. Hayes has failed to assert any grounds for contesting the order of the Court entered August 10, 2001, we find her appeal to be without merit.

In her brief with respect to Mr. and Ms. Strutton and Mr. Lester, Ms. Hayes designates "Questions/Answers Presented for Review" as follows:

A. Was the trial court correct in granting Roger and Betty Strutton's and Gary Lester's Motion for Judgment on the Pleadings where the pleadings showed that Effie Hayes' fraud claim was barred under the doctrine of res judicata?

Answer: No, the trial was incorrect

B. Was the trial court correct in granting Roger and Betty Strutton's and Gary Lester's Motion for Judgment on the Pleadings where the pleadings showed that Effie Hayes' claims based on Tennessee and federal statutory law were barred under the doctrine of res judicata?

Answer: Incorrect

C. Was the trial court correct in dismissing Mrs. Hayes' claim seeking disbarment of Gary Lester, because it did not have jurisdiction to hear such a claim?

Answer: Incorrect

Although Ms. Hayes presents the above issues for our review, at no point in her brief does she set forth an argument which articulates the basis for her assertions that the Court erred as to

these issues nor does she cite any authority which would support such assertions.  As recognized in *State v. Brown*, 795 S.W.2d 689 (Tenn.Cr.App. 1990) at page 698:

> Failure of a defendant to cite authority for propositions in his argument on appeal constitutes waiver of the issue.  *State v. Houston*, 688 S.W.2d 838 (Tenn.  Crim.App.1984);  *Moorman v. State*, 577 S.W.2d 473 (Tenn.Crim.App.1978).  The brief of the appellant should contain an argument setting forth the contentions of the appellant with respect to the issues presented with citations to the authorities and appropriate references to the record.

Accordingly, we find that Ms. Hayes has waived those issues set forth in her brief as to Mr. and Ms. Strutton and Mr. Lester.

For the foregoing reasons the judgment of the Circuit Court is affirmed and the cause remanded for collection of costs below.  Costs of appeal are adjudged against Effie Louise Hayes.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE