Lester MATLOCK, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Feb. 7, 1978.

Certiorari Denied by Supreme Court
June 12, 1978.

Patricia Lee Newton, Robert C. Langston, Knoxville, for appellant.

Brooks McLemore, Jr., Atty. Gen., Robert L. Jolley, Jr., Asst. Atty. Gen., Nashville, Ronald A. Webster, Dist. Atty. Gen., William H. Crabtree and John W. Gill, Asst. Dist. Attys. Gen., Knoxville, for appellee.

## OPINION

RUSSELL, Judge.

This is an appeal by Lester Matlock from two convictions growing out of one trial. He was first convicted of the forcible rape of a certain young woman, and his sentence for that crime set at one hundred fifty years in the penitentiary; and, since he had tried to kill his victim after he had raped her (for the express purpose of preventing her from identifying him to the police), he was convicted also of a felonious assault with the intent to commit first degree murder, and an additional penitentiary sentence of six to twenty-one years was set.

There is no doubt of Matlock's guilt of both offenses, and no effective defense was presented. The victim resided in an apart-

ment complex where Matlock resided. By use of the pretext of asking for a drink of water, Matlock gained entry into the victim's apartment while she was alone. He then made a vicious attack upon her, ripping her clothes from her body and raping her. He then drew a knife and struck her many times about the head and face with it. He left once and then returned, announcing to the victim that he had no intention of leaving her alive to identify him. After raining more blows upon her, he kicked her viciously and left her for dead.

The defense announced that the plea of Matlock was not guilty by reason of insanity. No question was raised as to his having perpetrated these attacks. The defense introduced a clinical psychologist who testified that Matlock was mildly retarded. However, there is not one scintilla of evidence that he was not legally sane and therefore responsible for his crimes. It is obvious from studying how Matlock perpetrated these crimes that he was not insane. He gained entry by a ruse, talked to the victim about how he liked white women and told her that he had had his eye on her for some time, and ended the episode by trying to kill her for the expressed purpose of preventing her from identifying him to the police. There is not only no evidence that he was legally insane, but the evidence reflects that the crimes were carried out schematically by one who knew that he needed to act to avoid punishment. It can be said that Matlock was not bright, but certainly he was not crazy.

■ The appellant's first assignment of error asserts that the trial court erred in limiting the scope of the testimony of Dr. H. Stuart Bacon, a clinical psychologist who testified for the defense. It is not necessary for us to decide exactly what the proper scope of the opinion testimony of a clinical psychologist might be, because certainly the trial judge did not err in this case. This trial was commenced on March 30, 1977, which was subsequent to our Supreme Court's landmark decision in the case of *Graham v. State,* 547 S.W.2d 531 (Tenn. 1977) wherein it was held, relative to insani-

ty as a defense to a crime, that a person is not responsible for criminal conduct if at the time thereof, as a result of mental disease or defect, he lacks substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law, and for purposes of such rule, the terms "mental disease or defect" do not include any abnormality manifested only by repeated criminal or otherwise antisocial conduct. The clinical psychologist, Dr. Bacon, did not offer to testify as to Matlock's capacity to appreciate the wrongfulness of his conduct or his capacity to conform his conduct to the requirements of the law in those express terms, but the clear implication of his testimony is that Matlock was merely mildly retarded. We have carefully reviewed all of the testimony of Dr. Bacon, in context, and we find no error in the trial court's rulings.

■ The State presented Dr. Kathleen Broughan, a clinical psychologist, and Ed Hochnedel, the coordinator of the Forensic Services Program at Helen Ross McNabb Center, to testify in rebuttal to Dr. Bacon's testimony. The appellant says that these witnesses should not have been allowed to testify because they came in contact with the appellant not for the determination of an issue of sanity but for the determination of the issue of competency to stand trial. The assignment is without merit. The trial judge had a broad discretion in matters of evidence relevancy and the competency of expert witnesses. We find no abuse of this discretion and find further that no harm to the appellant flowed from this testimony. In truth, there was virtually no dispute about Matlock's mental condition. There is simply no evidence in this record, introduced by anybody, that Matlock was legally insane when he committed these crimes. Dr. Bacon, the defense witness, testified that Matlock was not psychotic, although he was not "normal". Matlock is mildly retarded, with a possibility that the retardation could be related to brain damage of some undiagnosed nature, but the bottom line is that he is simply retarded and not legally irresponsible per *Graham.*

The third assignment of error is that the trial court erred in refusing Matlock's motion to be sent to Lakeshore Mental Health Facility or some other equivalent institution for a full physical, mental and neurological examination. We find no error. Matlock had been ordered examined by a psychiatrist and the doctor had found him competent to stand trial. He had no constitutional right to the services of a private psychiatrist at state expense. *Graham v. State,* supra.

The trial judge refused an oral request to charge the jury concerning the civil commitment laws of Tennessee pertaining to persons adjudicated not guilty by reason of insanity, and this is assigned as error. It is a sufficient answer to say that there was no competent evidence before the jury in this case tending to show that Matlock was not guilty by reason of insanity. See, also, *Edwards v. State,* 540 S.W.2d 641 (Tenn.1976). (Such an instruction is now required in a proper case, since May 28, 1977, per 1977 Tenn.Pub. Acts Chap. 396 § 1(e).)

Finally, Matlock argues that his sentences are excessive. The jury was so impressed by the dangerous nature of this man that they expressly asked that these substantial sentences be made consecutive. The sentences are not illegal, and the crimes committed by this man warrant substantial sentences.

All assignments of error are overruled and the judgments are affirmed.

DUNCAN, J., and FRED H. GILLIAM, Special Judge, concur.