**STATE of Tennessee, Appellee,**

v.

**David Dewayne BROWN, Daryl Holmes, Michael Allen Underwood, and William Gilland, Appellants.**

Court of Criminal Appeals of Tennessee, at Jackson.

May 2, 1990.

---

5. The state did not seek enhanced Range II punishment for Riggins.

Daniel T. Cooksey, District Public Defender, Somerville, for appellant Brown.

Karen T. Fleet, Bolivar, for appellant Holmes.

David M. Livingston, Brownsville, for appellant Underwood.

Brett B. Stein, Memphis, for appellant Gilland.

Charles W. Burson, Atty. Gen. and Reporter, Byron M. Jones, Asst. Atty. Gen., Nashville, Paul Summers, Dist. Atty. Gen., Somerville, Elizabeth T. Rice, Asst. Dist. Atty. Gen., Braden, for appellee.

## OPINION

DWYER, Judge.

This is an appeal as a matter of right by David Dewayne Brown, Daryl Holmes, Michael Allen Underwood and William Gilland, pursuant Rule 3(b), Tenn.R.App.P., from the judgment of the Criminal Court of Fayette County finding the appellants guilty of armed robbery of a business establishment licensed to sell controlled substances and of concealing stolen property. Appellants Brown and Holmes were found to be habitual criminals and were sentenced to life in prison. Appellant Holmes also received a concurrent seven year sentence for concealing stolen property. Appellant Underwood was sentenced to seven years in prison and appellant Gilland was sentenced to twenty-six years in prison. Myriad issues are raised on appeal, some of which are common, including a challenge to the sufficiency of the convicting evidence.

The record reveals that on Saturday, April 30, 1988, at about 2:00 in the afternoon, Mr. Van Jones and two employees, Tommie Lane Brown and Andy Key, were working at his pharmacy. Two males, appellants Brown and Holmes, entered the store. Holmes purchased a bottle of aspirin. Brown walked across the store to a point from which he could look into the back room. Ms. Brown and Mr. Key were working in the back room at that time. The two men left.

Mr. Jones, at trial, identified appellant Holmes as the man who purchased the aspirin. He identified appellant Brown as the other man. Mr. Jones identified the bottle of aspirin purchased by appellant Holmes, as well as a photograph of a car like the one in which the men left.

At approximately 2:30, appellants Underwood and Gilland entered the store. Appellant Underwood first asked to buy insulin syringes. Mr. Jones asked him for identification because state law requires pharmacists to have proof of medical need for insulin. At that time, appellant Underwood entered the pharmacy area and pulled a gun. He stated that he wanted all Class A drugs and money. He produced a pillowcase into which he wanted Mr. Jones to put the drugs.

Mr. Jones instructed appellant Gilland how to open the cash register. Mr. Jones gave the robbers percodan, percodan-demi, percocet mepergan fortis, demerol, demerol APAP, tylox, demerol syrup and valium. The men removed insulin from the refrigerator and a Black & Decker cordless drill from the counter and placed them in the pillowcase also. They instructed Mr. Jones to lie down on the floor of his office, and not to come out or he would be shot. Both of the men were armed with pistols.

Mr. Jones watched from the crack under the door of his office until the men moved toward the front door and he heard the bell ring as they opened and closed the front door. Mr. Jones then ran through the pharmacy to the back door and saw an orange-colored Firebird leaving at a high rate of speed.

Further proof adduced at trial reveals that the appellants fled the scene of the robbery in what ultimately proved to be a stolen vehicle. Appellants abandoned this vehicle and continued to flee in a black Oldsmobile Cutlass. Law enforcement officials in Fayette County spotted appellants and began pursuit. Following a high speed chase, appellants were forced off the road. All four appellants were arrested and found to have in their possession two guns as well as the money, drugs and the drill taken in the robbery. Police retraced the route by which the appellants fled at high speed and discovered the pillowcase and other articles from the robbery.

ISSUE I. Whether the evidence was sufficient to sustain appellants' convictions for the indictment offenses.

Appellants Brown, Holmes and Underwood contend that the evidence was not sufficient to sustain the jury's verdict that they were guilty of armed robbery and concealing stolen property. We cannot agree.

On appeal, a guilty verdict approved by the trial judge, accredits the testimony of the witnesses for the State. *State v. Hatchett,* 560 S.W.2d 627, 630 (Tenn.1978). The State is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom. *State v. Cabbage,* 571 S.W.2d 832, 836 (Tenn.1978). A verdict against the defendant removes the presumption of innocence and raises a presumption of guilt on appeal, *State v. Grace,* 493 S.W.2d 474, 476 (Tenn.1973), which the defendant has the burden of overcoming. *State v. Brown,* 551 S.W.2d 329, 330 (Tenn.1977); *see State v. Tuggle,* 639 S.W.2d 913 (1982). Where the sufficiency of evidence is challenged, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Williams,* 657 S.W.2d 405, 410 (Tenn.1983); Rule 13(e), Tenn.R.App.P.

Robbery is the felonious and forcible taking from the person of another, goods or money of any value, by violence or putting the person in fear. T.C.A. § 39–2–501. Every person who fraudulently conceals or aids in concealing any goods over the value of $200, feloniously taken or stolen from another, knowing the same to have been so obtained, with the intent to deprive the true owner thereof, is guilty of concealing stolen property over the value of $200. T.C.A. § 39–3–1112. "Concealing" required for the offense of concealing stolen property does not require an actual hiding or secreting of the property, but is satisfied by any act which makes discovery of the property by the owner more difficult. *State v. Baker,* 639 S.W.2d 670 (Tenn.Crim.App.1982).

In the case *sub judice,* appellants Brown and Holmes cased the pharmacy on

the pretext of purchasing aspirin shortly before the robbery. Appellants Underwood and Gilland entered the pharmacy and robbed its owner at gunpoint, a few minutes after appellants Brown and Holmes had left and fled in a stolen orange Firebird.

Appellant Brown was the driver of the black Cutlass which stopped to pick up appellants Gilland and Underwood when they abandoned the stolen 1976 orange Pontiac Firebird near Somerville after the robbery. The testimony of Arthur Bibbs established that his 1976 orange Pontiac Firebird was stolen from his home in Shelby County and that its value was over $200. All of the appellants were found in the black Cutlass after a high speed chase along rural highways.

A reasonable jury could have found from this evidence that appellants Brown and Holmes aided and abetted appellants Gilland and Underwood in the commission of both of these offenses. In short, the proof meets the requirements of Rule 13(e), Tenn.R.App.P. The issue is overruled.

ISSUE II. Whether the trial court erred in trying the appellants less than fourteen days after indictment on the charge of concealing stolen property.

■ Appellants Brown and Holmes contend that the trial court erred in allowing the State to try them less than fourteen days after the date on which they were indicted for concealing stolen property. The appellants were arrested on April 30, 1988. They were indicted on a related charge of armed robbery on July 25, 1988. Counsel was appointed to represent appellants Brown and Holmes on July 27, 1988. The appellants were indicted on an additional charge of concealing stolen property on November 28, 1988. The appellants were tried on both charges beginning on December 12, 1988.

Every person accused of any crime or misdemeanor is entitled to fourteen full days after arrest and the return of the indictment or presentment before being tried for such offense. T.C.A. § 40–14–105. Our courts have held that the legislature intended that the delay between indictment and trial apply only where the indictment or presentment and arrest occur substantially at the same time, unlike here. *Hood v. State*, 216 S.W.2d 14 (Tenn.1948); *Dukes v. State*, 578 S.W.2d 659 (Tenn.Crim.App.1978).

Assuming, *arguendo*, that the trial court erred in going to trial within fourteen days of indictment, appellants have failed to demonstrate any resulting prejudice. *Neal v. State*, 206 Tenn. 492, 334 S.W.2d 731 (1960); *Dukes v. State, supra*. Appellants Brown and Holmes and their counsel were fully aware of the facts surrounding the armed robbery, including the facts giving rise to the charge of concealing stolen property, and had ample time to prepare a defense to both charges. Appellants Brown and Holmes have identified no evidence that was unavailable to them at the time this case went to trial and which would have made a difference in the verdict.

The issue is overruled.

ISSUE III. Whether the trial court erred in denying appellants' motion to sever their trials.

Appellants Brown and Gilland contend that the trial judge erred in not granting their motions to sever their trials from the trials of their co-defendants. Specifically, appellants complain that their joint trial affected the composition of the jury.

■ Where no evidence was introduced against a defendant in a joint trial that would not be admissible against him a separate trial, including the testimony of co-defendants, a severance is not necessary to achieve a fair determination of a defendant's guilt or innocence and the defendant is not unfairly prejudiced. *State v. Hammonds*, 616 S.W.2d 890 (Tenn.Crim.App. 1981); Tenn.R.Crim.P. 14(c)(2); *Woodruff v. State*, 164 Tenn. 530, 51 S.W.2d 843 (1932). The jury selection procedures are designed to insure the selection of a fair and impartial jury, not to enable the accused to select particular jurors. *State v. Porterfield*, 746 S.W.2d 441 (Tenn.1988);

*State v. Simon,* 635 S.W.2d 498 (Tenn. 1982).

■ Here, none of the appellants has identified any evidence that was admitted in their joint trial which would not have been admissible in their separate trials. *State v. Hammonds, supra.* Appellants Brown and Gilland contend that they were prejudiced because certain potentially favorable jurors were removed from the jury by the exercise of peremptory challenges by other defendants; however, the defendants are entitled to a fair jury, not a particular jury. The appellants point to no evidence in the record that suggests the jury selected was not a fair one. *State v. Porterfield, supra; State v. Simon, supra.*

Appellant Gilland cites *Roach and Emanuel v. State,* 45 Tenn. 39 (1867). The pertinent part of the holding in *Roach* seems to have been effectively overruled by the holdings in *Porterfield* and *Simon.* *Roach* also may be distinguished from the instant case in that here the defenses presented by the appellants were not antagonistic to each other.

Assuming, *arguendo,* that the trial court erred, appellants have failed to demonstrate any resulting prejudice. Any error, under the circumstances, would be harmless. Rule 52, Tenn.R.Crim.P.

ISSUE IV. Whether the trial court erred in refusing to hear additional evidence concerning the suggestiveness of any prior confrontation between the victim and the appellants.

■ Appellants Brown and Underwood contend that the trial court erred in refusing to permit them to present evidence that the victim's identification of them was tainted by an unduly suggestive pretrial confrontation.

In order for an appellate court to review a record of excluded evidence, it is fundamental that such evidence be preserved in the record. When it consists of oral testimony, it is essential that a proffer of proof be made in order that the appellate court can determine whether or not exclusion was prejudicial. *State v. Goad,* 707 S.W.2d 846 (Tenn.1986). In the instant case, no proffer of proof was made. Neither do the briefs suggest what excluded testimony the appellants were unable to elicit from the victim concerning his identification of them. In such quarters, we would be hard-pressed to hold the exclusion was error.

■ Furthermore, in deciding whether there has been a violation, the Court must view the totality of the circumstances. *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); *State v. Beal,* 614 S.W.2d 77 (Tenn.Crim.App.1981); *State v. Chapman,* 724 S.W.2d 378 (Tenn.Crim. App.1986). Even if a pretrial confrontation is suggestive, the in-court identification may be reliable and admissible in light of the totality of the circumstances. Factors that should be considered are the opportunity the witness had to view the defendant at the time of the crime, the degree of attention paid by the witness to the defendant, the accuracy of any prior description, the level of certainty of the witness, and the elapsed time. *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).

With regard to appellant Underwood, the victim had a considerable opportunity to view him at the time of the robbery. In addition, the identification of appellant Underwood by Mr. Jones was not the only evidence linking appellant Underwood to the crime. Billy Rinks testified that he was returning from Memphis at about 2:30 in the afternoon on Saturday, April 30, 1988, when he noticed an orange car run off the highway and stop. He observed two, and possibly three, white males exit the orange car and enter a black car that had pulled alongside.

Appellant Underwood was apprehended along with the other appellants after a lengthy, high speed chase along rural roads. The car in which appellant Underwood was riding matched the description of the car seen by Mr. Rinks near the orange Firebird. The pillowcase containing the items taken in the robbery and the weapons used in the robbery was found along the route of the chase, less than a mile from where the appellants were stopped.

With respect to appellant Brown, Mr. Jones had less of an opportunity to observe him. But the level of certainty displayed by Mr. Jones in his identification of appellant Brown was no less. More importantly, there was other evidence besides the identification of Mr. Jones linking appellant Brown to the crime. Not only was he in the car with the other appellants when they were apprehended, he was the driver.

From the record, it cannot be said that the trial court erred in refusing to hear additional evidence concerning the suggestiveness of the prior confrontation between Mr. Jones and the appellants at the preliminary hearing. From all the evidence, it is clear that the alleged error, if any, was harmless. Rule 52, Tenn.R.Crim.P.

The issue is overruled.

ISSUE V. Whether the trial court erred in permitting the amendment of the indictment for concealing stolen property to correct a typographical omission.

Appellant Brown contends that the trial court erred in permitting the State to amend the indictment for concealing stolen property after jeopardy had attached.

Amending an indictment to correct a typographical omission which was an unnecessary amendment is an exception to the rule that amendments are not allowed over the objection of a defendant once jeopardy has attached. *State v. Lane*, 673 S.W.2d 874 (Tenn.Crim.App.1983).

In the instant case, the amendment was unnecessary and merely corrected a typographical omission. The indictment originally charged the appellants with concealing "one orange 1976 Pontiac Firebird automobile, VIN 2S87M6N598021". The amendment inserted an additional "8" in the VIN number. Even were this amendment not allowed, the evidence at trial was sufficient to sustain the appellants' convictions for concealing stolen property.

Here, the indictment sufficiently informed the appellants of the charges against them in order that they could prepare a defense without being misled or surprised at trial. Moreover, the variance is not such as to present any danger that the appellants could be prosecuted a second time for the same offense.

The issue is without merit.

ISSUE VI. Whether the trial court erred in permitting rebuttal testimony.

Appellant Brown contends that the trial court erred in permitting the State to introduce the rebuttal testimony of Mr. Bobby Morris. For both procedural and substantive reasons, this issue is without merit. Procedurally, no objection was raised to the witness' testimony at the time it was offered. Accordingly, the issue is not properly before the Court.

Once a party has closed its case, the court may allow another party to introduce further proof to rebut or contradict a point raised by the other side. Whether to permit rebuttal or surrebuttal evidence is within the discretion of the trial court. *State v. Green*, 613 S.W.2d 229 (Tenn.Crim. App.1980). Rebuttal evidence is evidence which tends to explain or controvert evidence produced by an adverse party. *Cozzolino v. State*, 584 S.W.2d 765 (Tenn. 1979).

On the merits, Bobby Morris testified that on the day of the robbery, he observed a grayish or black car and a reddish-looking car parked across the street from his house. The first car contained men and the second car contained one man and another person with long hair. This rebuttal testimony controverted the testimony of a defendant who claimed that he had not seen an orange Firebird until after they were arrested. Moreover, appellant Underwood testified that he and appellant Gilland were driving a green Monte Carlo on the day they were arrested.

The issue, therefore, is without merit.

ISSUE VII. Whether the prosecutor's comment in closing argument that the jury should consider human experience and common sense in reaching their verdict was improper.

Appellants Brown and Gilland contend that the prosecutor's reference to hu-

man experience and common sense in closing argument was improper. Appellants Brown and Gilland contend that this was a veiled reference to the fact that they did not choose to take the witness stand at trial.

The prosecutor stated at the conclusion of his argument:

If it please the Court, I want you to take two more witnesses back there in that room and they didn't testify here today and nobody subpoenaed them, and those two witnesses are human experience and common sense. And I think you will know what to treat this.

Not every improper comment in argument warrants reversal. Only those which could have affected the verdict require reversal. *Harrington v. State*, 215 Tenn. 338, 385 S.W.2d 758 (Tenn.1965). In determining whether a prosecutor's comments were prejudicial, appellate courts should examine the remark in light of the context and the facts and circumstances of the case, the curative measures undertaken by the court and prosecution, the intent of the prosecutor in making the improper statement, the cumulative effect of improper conduct and any other errors in the record, and relative strength or weakness of the case. *Judge v. State*, 539 S.W.2d 340 (Tenn.Crim.App.1976).

Here, appellants' interpretation is not borne out by the context in which this argument was offered. It was merely argument that the jury should consider the evidence in light of human experience and common sense. This comment was not improper nor was it shown to be prejudicial to the appellants.

We cannot agree with appellants' argument. The issue is without merit.

ISSUE VIII.   Whether the appellants were prejudiced by comments elicited from prospective juror Bowling during voir dire.

█ Appellant Gilland contends that the comments elicited from prospective juror Bowling during voir dire exposed the jury to prejudicial material. The record reveals that prospective juror Bowling stated during voir dire that his son was friends with an employee of the pharmacy that was robbed and that he had discussed the robbery with his son and his son's friend. Mr. Bowling did not state what he had been told about the robbery but indicated he could disregard it. In response to questions from the court, Mr. Bowling said the information he had did not relate to these particular defendants. He later said he thought the information might be damaging to the defendants. He was excused for cause.

Comments from a prospective juror in response to questions from defense counsel during voir dire that indicate his possession of information inculpating the defendants is not grounds for a mistrial absent evidence showing that the jury which heard the case was prejudiced or biased by the statements of the prospective juror. *State v. Porterfield, supra.*

In short, there was no evidence that the comments of Mr. Bowling prejudiced or biased the jury against the appellants. Furthermore, Mr. Bowling was excused for cause.

The issue is overruled.

ISSUE IX.   Whether appellant Underwood was prejudiced by the failure of the State to serve written notice of its intention to seek enhanced punishment more than ten days prior to trial.

█ Appellant Underwood contends that the trial court erred in its refusal to grant a continuance where the State failed to serve written notice of its intention to seek enhanced punishment more than ten days prior to trial.

In the instant case, the State filed written notice of its intention to seek enhanced punishment of July 27, 1988. The State failed to serve the defendant personally because he was not present at the hearing on July 27, 1988 when the other defendants were served.

Written statements of the District Attorney giving notice that the defendant should be sentenced to an enhanced punishment, for an especially aggravated offense,

and/or as a persistent offender shall be filed not less than ten days prior to trial. If the notice is filed later than this time, the trial judge shall grant the defendant upon his motion a reasonable continuance of the trial. Rule 12.3, Tenn.R.Crim.P. However, no judgment of conviction shall be reversed on appeal except for errors which affirmatively appear to have affected the result of the trial on the merits. Rule 52(a), Tenn.R.Crim.P.

For numerous reasons, we cannot agree with appellant's argument. First, counsel for appellant Underwood admitted to the trial court that he previously had discussed with the District Attorney a settlement of the case sentencing his client as a Range II offender. The trial court found that the appellant had actual notice, if not written notice, of the State's intention to seek enhanced punishment and that this notice was sufficient.

Secondly, there is no evidence that appellant Underwood was prejudiced by having only seven days formal notice of the State's intention to seek enhanced punishment. Appellant Underwood had actual notice of the State's intention to seek enhanced punishment for more than ten days prior to trial. Under these circumstances, therefore, any error was harmless. Rule 52(a), Tenn.R.Crim.P.

Finally, appellant Underwood cites *State v. Pender*, 687 S.W.2d 714 (Tenn.Crim.App. 1984) to support his contention. *Pender* is distinguishable in that no notice was filed before or after trial, and there was no evidence that the defendant had actual notice of the State's intention to seek enhanced punishment.

The issue is overruled.

ISSUE X. Whether the jury instructions given by the trial court were complete and adequate.

Appellants Underwood and Holmes contend that the trial court erred in failing to define the terms business establishment, controlled substance, and Schedule I–VI in the charge to the jury. For several reasons, we must disagree.

First, the mere meagerness of jury instructions is not reversible error in absence of a special request for additional charges. *State v. Rollins*, 605 S.W.2d 828 (Tenn.Crim.App.1980). The instructions as given were sufficient to convey to the jury the essential elements of the offense of robbery of a business establishment which sells controlled substances. Secondly, in the instant case, appellants Underwood and Holmes requested no special charge defining these terms.

Finally, appellant Holmes further contends that the trial court omitted from his charge to the jury any mention of the value of the stolen property concealed as an element of the offense. On the contrary, the trial court instructed the jury that they must find that the value of the property was over $200. Moreover, no objection was raised by appellant Holmes at trial concerning this aspect of the charge or the procedure followed. As to him, this issue has been waived. *State v. Sutton*, 562 S.W.2d 820 (Tenn.1978).

The issue, therefore, is overruled.

ISSUE XI. Whether the trial court erred in permitting the State to cross-examine appellant Underwood about statements he made at the time of his arrest.

Appellant Underwood contends that the trial court erred in permitting the State to cross-examine him about statements he made to police at the time of his arrest. On cross-examination, the State asked appellant Underwood if he expressed his relief at their arrival to members of the sheriff's department. Counsel for appellant Underwood objected before the appellant could answer. A bench conference was conducted. Although no clear ruling on the objection is contained in the transcript, the State abandoned this line of inquiry.

Appellant Underwood relies upon *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976) for this contention. In *Doyle*, the prosecution was permitted to cross-examine a defendant about the seeming inconsistency between his post-arrest silence and his testimony at trial that the

police informant was the seller of drugs rather than himself. The prosecution in *Doyle* was permitted to persist in this line of questioning over the objection of the defendant and was permitted to argue the defendant's post-arrest silence to the jury.

We distinguish *Doyle* from the case at bar. Inasmuch as appellant Underwood's post-arrest silence was not established in this record and was not argued to the jury, we find no error. Assuming, *arguendo*, that the trial court erred, under these circumstances, any error was, at most, harmless. Rule 52, Tenn.R.Crim.P.

The issue is overruled.

ISSUE XII. Whether the trial court erred by allegedly failing to arraign appellant Holmes on the charge of concealing stolen property.

Appellant Holmes contends that the trial court erred in failing to arraign him on the charge of concealing stolen property. In the instant case, however, there is nothing in the record which indicates that appellant Holmes presented the trial court with an opportunity to correct any defect in his arraignment on the charge of concealing stolen property.

Defenses and objections based on defects in the institution of the prosecution must be raised prior to trial. Rule 12(b)(1), Tenn. R.Crim.P. The issue, therefore, is waived.

ISSUE XIII. Whether the trial court erred in permitting the State to comment upon the petition for post-conviction relief admitted into evidence at the habitual criminal phase of the proceeding and for refusing to charge the appellant's proposed jury instruction relative to recidivism.

Appellant Holmes contends that the trial court erred in permitting the State to comment upon the petition for post-conviction relief admitted into evidence at the habitual criminal phase of the proceeding and for refusing to charge the appellant's proposed jury instruction relative to recidivism. The State counters that it has not been able to locate in this voluminous record where the objectionable comments occurred or where

the proposed jury instructions were committed to writing.

Failure of a defendant to cite authority for propositions in his argument on appeal constitutes waiver of the issue. *State v. Houston*, 688 S.W.2d 838 (Tenn.Crim.App. 1984); *Moorman v. State*, 577 S.W.2d 473 (Tenn.Crim.App.1978). The brief of the appellant should contain an argument setting forth the contentions of the appellant with respect to the issues presented with citations to the authorities and appropriate references to the record. We are in agreement with the State.

The issue, therefore, is waived.

ISSUE XIV. Whether the trial court erred in admitting certified records of appellant Holmes' prior convictions and his prior Petition for Post–Conviction Relief at the habitual phase of this proceeding.

Appellant Holmes contends that the trial court erred in permitting the introduction of certified records evidencing his prior convictions and a certified copy of the Petition of Post–Conviction Relief signed by appellant Holmes and filed by him in Shelby County Criminal Court. This Petition for Post–Conviction Relief attacked one of the convictions upon which the State relied to prove the appellant's habitual criminality. It also mentioned three of his other convictions.

Here, copies of the indictments and convictions for appellant Holmes were certified by the clerk of the court in which the convictions were returned and were admitted into evidence in the habitual criminal phase of the proceeding. The certificate was attached at the end of forty pages of court records of the "indictment & convictions". The forty pages included the judgment forms and the accompanying indictments for each of appellant Holmes' convictions.

An official record, when admissible for any purpose, may be evidenced by a copy attested by the officer having the legal custody of the record or by his deputy. Rule 27, Tenn.R.Crim.P. Further, an ad-

mission of this Petition for Post–Conviction Relief did not violate the petitioner's right against self-incrimination.

The issue is overruled.

ISSUE XV.  Whether the trial court erred in refusing to permit appellant Holmes to present proof of mitigating circumstances in the habitual criminal phase of the proceeding.

■ Appellant Holmes contends that the trial court erred in refusing to permit him to present proof of mitigating circumstances in the habitual criminal phase of the proceeding.  Specifically, Holmes contends that he was not allowed to make an offer of proof concerning his drug addiction.

In the habitual criminal phase of a criminal prosecution the only issue is whether the defendant has the requisite criminal convictions.  See T.C.A. § 39–1–801.  The defendant's motives or justifications are not an issue.  In the instant case, the trial court properly limited appellant Holmes' proof of his drug addiction in the habitual criminal portion of the proceeding since it was not relevant to the issue then before the jury.  We find no abuse of discretion by the trial court's limitation of irrelevant evidence.  *Matlock v. State*, 566 S.W.2d 892 (Tenn.Crim.App.1978).

The issue is overruled.

ISSUE XVI.  Whether the sentence imposed for appellant Holmes was excessive.

■ Appellant Holmes contends that the trial court erred in sentencing him as a Range II offender as to the concealing count and in imposing consecutive sentences.  Specifically, appellant complains that the trial court failed to enunciate his reasoning for his findings.  Additionally, appellant asserts that he never received notice of the State's intent to seek enhanced punishment.

This Court conducts appellate review of sentencing issues *de novo* on the record without a presumption of correctness.  T.C.A. § 40–35–402.  A review of the record reveals that appellant's criminal history includes nine felony convictions which were committed in Shelby County over a period of approximately two years.  On the basis of appellant's criminal record, he is clearly a persistent offender pursuant to T.C.A. § 40–35–106 and thus eligible for Range II punishment.

In light of appellant's substantial criminal record, the imposition of consecutive sentencing was proper under the edicts of *Gray v. State*, 538 S.W.2d 391 (Tenn.1976).  Pursuant *Gray*, appellant is both a persistent and multiple offender.

As to appellant's contention regarding notice, the record reveals that a notice to seek enhanced punishment as a persistent offender was filed with the Court on July 27, 1988.  Moreover, we note that Count Three of the indictment addressed appellant's habitual criminality and constructively placed appellant on notice of the State's intention to pursue enhanced punishment on the basis of his extensive criminal history.  The requirements of T.C.A. § 40–35–202 have essentially been met.

For the reasons enunciated above, pursuant to T.C.A. § 40–35–402, the sentence as imposed by the trial court is found to be proper.  All issues presented for appellate review, therefore, are found to be without merit.  Accordingly, the judgment of the trial court is affirmed.

DUNCAN, P.J., and JONES, J., concur.