# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### MAY 1998 SESSION

FILED

June 10, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 03C01-9709-CC-00400 |
| Appellee, | ) | |
| | ) | BLOUNT COUNTY |
| VS. | ) | |
| | ) | HON. D. KELLY THOMAS, JR., |
| FRED NUCHOLS, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (DUI, Revoked License) |

**FOR THE APPELLANT:**

**C. MICHAEL ROBBINS**
3074 East Street
Memphis, TN 38128
**(On Appeal)**

**RAYMOND MACK GARNER**
District Public Defender
419 High Street
Maryville, TN 37804-4912
**(At Trial)**

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**CLINTON J. MORGAN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**MICHAEL L. FLYNN**
District Attorney General

**PHILIP H. MORTON**
Assistant District Attorney General
363 Court Street
Maryville, TN 37804-5906

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

The defendant, Fred Nuchols, appeals his Blount County jury convictions for driving under the influence of an intoxicant, third offense, and driving on a revoked license, third offense. The sole issue presented for review is whether the trial court erred in permitting the state to recall a witness in rebuttal. The judgment of the trial court is affirmed.

**FACTS**

Deputy Rusty Borden of the Blount County Sheriff's Department testified that he observed the defendant's van straddling the white line on the right side of the highway. The van was traveling approximately twenty-five (25) to thirty (30) miles per hour, which was below the posted limit. When the van passed the deputy, the defendant had a "glazed look."

Based on the van's travel on the outside line, its slow rate of speed, and the appearance of the driver, the deputy decided to stop the vehicle to investigate whether the driver was under the influence of an intoxicant. The van pulled into the parking lot of an adjacent store. Before the deputy could approach the defendant, the defendant went inside. When the defendant reemerged, he got into the backseat of the van, and another person drove the van.

Deputy Borden subsequently stopped the van. The defendant was sitting in the backseat at this time. The deputy testified that the defendant had the odor of alcohol on his breath, slurred speech, bloodshot eyes, and was unsteady on his feet. The defendant explained to the officer that they switched drivers because he "had a little too much to drink." The defendant declined to perform field sobriety tests or take a blood alcohol test. After running a check of the

2

defendant's license, the deputy discovered it had been revoked in Tennessee. The defendant produced an expired Georgia license.

The defendant testified that he had two (2) beers with breakfast and was not driving the van at any time that morning. He also denied ever having his Tennessee driver's license revoked. The essence of his testimony was that the deputy was "the lyingest (phonetically) human I ever seen in my life."

In response to the defendant's testimony the state recalled Deputy Borden to ask whether he was able to form an opinion as to whether the defendant was intoxicated. The deputy stated his opinion was that the defendant was intoxicated when he was arrested.

## REBUTTAL TESTIMONY

The defendant contends he was unfairly prejudiced by the state presenting the rebuttal testimony of Deputy Borden. He alleges this testimony was not proper rebuttal testimony, but rather was a restatement of the deputy's former testimony.

Rebuttal evidence is that which tends to explain or controvert evidence produced by an adverse party. Cozzolino v. State, 584 S.W.2d 765, 768 (Tenn. 1979). Whether to permit rebuttal testimony is within the sound discretion of the trial court. State v. Brown, 795 S.W.2d 689, 695 (Tenn. Crim. App. 1990). The trial court's decision in this regard will only be reversed on appeal upon a showing of a clear abuse of discretion. State v. Scott, 735 S.W.2d 825, 828 (Tenn. Crim App. 1987).

In the instant case we find no abuse of discretion by the trial court. The defendant in his testimony had specifically denied being intoxicated. Allowing

3

the deputy to contradict this testimony in rebuttal, even if the deputy had briefly testified to the same thing during the state's case-in-chief, was not an abuse of discretion. This issue is without merit.

Accordingly, the judgment of the trial court is affirmed.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JOSEPH M. TIPTON, JUDGE**

_____
**CURWOOD WITT, JUDGE**

4