# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### AUGUST SESSION, 1998

FILED

December 10, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| DAVID CLIFF, | ) | C.C.A. NO. 02C01-9711-CC-00450 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | DYER COUNTY |
| VS. | ) | |
| | ) | HON. JOE G. RILEY |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction Relief) |

FOR THE APPELLANT:

WILLIAM K. RANDOLPH
120 N. Mill St., Suite 303
P. O. Box 611
Dyersburg, TN  38025-0611

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

MARVIN E. CLEMENTS, JR.
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243

PHILLIP BIVENS
District Attorney General
P. O. Drawer E
Dyersburg, TN  38025

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

This matter represents an appeal by Appellant, David Cliff from the Dyer County Circuit Court's dismissal of his *pro se* petition for post-conviction relief. Appellant is currently serving a fourteen (14) year sentence for a conviction of aggravated assault. On appeal, Appellant raises the following issue for review: whether the trial court erred in denying Appellant's *pro se* motion for a new trial based upon the claim of ineffective assistance of counsel.

After review of the record, we affirm the decision of the trial court.

## I. Procedural History

In December 1994, Appellant was convicted of aggravated assault by a Dyer County jury, and the trial court sentenced him to fourteen (14) years. Appellant was represented by counsel at arraignment, at trial and at the sentencing hearing. Although Appellant was represented by counsel at the hearing on the motion for a new trial, he also filed a *pro se* motion for a new trial. In April 1995, the Dyer County Circuit Court conducted a hearing on the appellant's *pro se* motion for a new trial in which the appellant alleged ineffective assistance of counsel as one of the issues. The transcript of Appellant's motion for new trial indicates that his decision to represent himself on the *pro se* motion for new trial was entered after an extensive examination by the trial court. Subsequently, the trial court found that he knowingly and voluntarily waived his right to counsel.

The trial court overruled the appellant's motion for a new trial after considering each claim raised in his motion. Respecting the claims regarding ineffective assistance of counsel, the trial court found that Appellant failed to prove that counsel's performance was not in accordance with the range of competence demanded of attorneys who practice criminal law. The trial court further determined that Appellant failed to demonstrate any prejudice as a result of any alleged deficient performance.

On direct appeal, this Court affirmed Appellant's conviction. However, the issue of ineffective assistance of counsel was pretermitted so that the Appellant could raise it later in a petition for post-conviction relief. The pretermission of the ineffective assistance of counsel claim was based upon the absence of the transcript of Appellant's *pro se* motion for a new trial. State v. David Cliff, *supra* at *4. We quote from the unpublished opinion of this Court:

> This Court cannot determine whether the trial court conducted an evidentiary hearing or summarily dismissed the *pro se* motion. The record is silent. There is an order contained in the record which simply states that the motion for a new trial was found to be "without merit." The record does not contain a verbatim transcript or statement of the evidence of the hearing on the motion for new trial. As a general rule, this Court would conclusively presume that the judgment of the trial court was correct. However, given the history of this case, this Court will pretermit this issue so that the appellant can raise it in a post-conviction hearing.

State v. David Cliff, C.C.A. No. 02-C-01-9509-CC-00262, 1996 WL 551760 at *4, Dyer County (Tenn. Crim. App. filed September 30, 1996, at Jackson).

Permission to appeal to the Supreme Court was denied on March 10, 1997. Subsequently, Appellant filed the present petition for post-conviction relief. The post-conviction court determined that Appellant raised the issue of ineffective assistance of counsel at the motion for new trial and the petition failed to raise any new grounds for post-conviction relief. The post-conviction court also ruled that Appellant's petition did not comply with the requirements of Tenn. Code Ann. § 40-30-217 which allows the appellant to file a motion to reopen the first post-conviction petition in specific situations. Therefore, the post-conviction court dismissed the petition without a hearing.

Appellant is again before this Court, challenging the trial court's dismissal of his *pro se* petition for post-conviction relief where he raised the issue of ineffective assistance of counsel. State v. David Cliff, *supra* at *4. While the transcript of the hearing on Appellant's motion for a new trial was included for this Court's review in this appeal, the record remained incomplete because the transcript of Appellant's jury trial was absent from this Court's technical record.

As a general rule, in the absence of a complete record of what transpired in the trial court, this Court must presume that the trial court's rulings were supported by sufficient evidence. State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991) (citing Vermilye v. State, 584 S.W.2d 226, 230 (Tenn. Crim. App. 1979)). However, the courts may take judicial notice of the court records in an earlier proceeding of the same case. Delbridge v. State of Tennessee, 742 S.W.2d 266, 267 (Tenn. 1987). Accordingly, this Court has taken judicial notice of the original trial record. Thus, an adequate examination of Appellant's claim of ineffective assistance of counsel can now be undertaken.

-4-

## II. Post-Conviction Relief Standard of Review

As the chronology set out above shows, Appellant contends that the trial court erred in denying his *pro se* petition for post-conviction relief based upon the claim of ineffective assistance of trial counsel. In post-conviction proceedings, the appellant bears the burden of proving the allegations raised in the petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-210 (f). Additionally, the trial court's findings of fact are conclusive on appeal unless the evidence preponderates against the judgment. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990).

## III. Ineffective Assistance of Counsel

A two-prong test for courts to employ in evaluating claims of ineffective assistance of counsel was pronounced by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Under the first prong, the defendant must show that counsel's performance was deficient and that counsel made errors so serious that he was not functioning as "counsel" guaranteed the defendant by the Sixth Amendment. Strickland, 104 S.Ct. at 667.

Under the second prong, the defendant must show that the deficient performance prejudiced the defense and counsel's errors were so serious as to deprive the defendant of a fair and reliable trial. Strickland, 104 S.Ct. at 667. The appellant must establish both prongs of the test and a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on an ineffective assistance claim. Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996).

The standard by which effective assistance of counsel is judged in Tennessee requires that the advice given or the services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. This "range of competency standard" was articulated by the Supreme Court of Tennessee in Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Additionally, the Tennessee Constitution requires a showing that counsel's performance was deficient and that deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or that the proceedings were fundamentally unfair. Tenn. Cons.Art.1 § 9.

In the case at bar, Appellant raised the issue of ineffective assistance of counsel at the hearing conducted at his *pro se* motion for a new trial. After the trial judge carefully advised Appellant as to what he was required to show under both the Strickland test and the Baxter standard, he presented ten grounds which allegedly supported his contention. The trial court determined that trial counsel's conduct was within the range of competence demanded of attorneys who practice criminal law and concluded that Appellant failed to demonstrate any prejudice as a result of any alleged deficient performance by counsel. Strickland, 104 S.Ct. at 667; Baxter v. Rose, 523 S.W.2d at 936.

Factual findings of the trial court are conclusive on appeal unless the appellate court finds that the evidence preponderates against the judgment. Butler v. State, 789 S.W.2d at 899. Accordingly, the trial court's findings in the instant case will be conclusive unless this Court finds that Appellant has met

the burden of showing that the evidence preponderates against the judgment entered. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim.App. 1990).

Regarding Appellant's first alleged deficiency, he complains that trial counsel did not adequately investigate the case against him. Appellant complains that counsel failed to conduct an adequate investigation of the facts and circumstances surrounding the indictment pending against the appellant as well as defenses available to him. More specifically, Appellant contends that trial counsel only interviewed him twice. The trial court found no proof to support Appellant's claim that there was an inadequate investigation and no showing of prejudice as a result of any alleged failure to conduct any particular type of investigation. Accordingly, we find this issue to be without merit.

In reference to Appellant's second complaint, he complains that counsel failed to conduct an adequate voir dire examination and therefore, counsel was not in a position to intelligently exercise the preemptory challenges afforded Appellant by law. More specifically, Appellant complains that counsel alienated the prospective jurors against the defendant by reason of counsel's behavior during the examination of the prospective jurors.

However, the trial record established that counsel's voir dire examination was appropriate. Our review of the record indicates that counsel properly explained to the prospective jurors the burden of proof in a criminal trial and the requirement that a fair jury hear the facts of the case. Counsel also questioned jurors who demonstrated a potential bias in the case. Indeed, this line of questioning resulted in jurors being excused from the jury. Also,

during the course of the voir dire examination, counsel used six peremptory challenges. Therefore, Appellant has not overcome the trial court's finding that counsel conducted an adequate voir dire examination. Furthermore, we cannot see how Appellant was prejudiced given counsel's apparently thorough examination of the prospective jurors and the lack of any evidence that the jury, as seated, was biased.

Regarding Appellant's third alleged deficiency, the appellant contends that the cross-examination of the witnesses was without prior preparation and consisted of continuous repetition. At trial, five witnesses were cross-examined by counsel. When cross-examining one witness, the prosecution made only one objection on the basis that the question had been asked and answered. Furthermore, there were no objections made by the prosecution about counsel's performance during the cross-examination of three additional witnesses. Additionally, it was the trial court and not the prosecution that directed counsel to repeat a question during the course of counsel's cross-examination. Also, the record reflects that counsel declined to cross-examine two of the trial witnesses.

The trial court concluded that there was no proof that counsel's cross-examination was continuously repetitive. This Court has noted that failure to effectively cross-examine a witness does not necessarily indicate a deficient performance unless it affects the outcome of the case. Thompson v. State, 958 S.W.2d 156, 165 (Tenn. Crim. App. 1997). In the case *sub judice*, Appellant has failed to show that counsel's cross-examination affected the outcome of his case. Moreover, even if counsel's alleged continuous

repetition on cross-examination was deemed erroneous, Appellant has failed to show that he was prejudiced as a result of trial counsel's actions. Hartman v. State, 896 S.W.2d 94,105 (Tenn. 1995).

The appellant's fourth argument concerns counsel's failure to object to questions asked by the prosecution relative to the fears of children after the commission of the crime in question. However, a review of the record indicates that there were no children involved who testified in the trial. Furthermore, at the hearing conducted at Appellant's *pro se* motion for new trial, Appellant testified that there were no children who testified in his case. Therefore, the trial court determined this claim to be irrelevant. We concur with the trial court and find this issue to be without merit.

Regarding Appellant's fifth contention, he complains that counsel ineffectively prepared the defense witnesses for trial. Appellant further contends that as a result of counsel's actions, the prosecution was able to elicit information from the witnesses which was in direct contradiction to the testimony of the defendant and the position taken by his counsel. The trial court determined that Appellant's fifth contention was factually incorrect. Furthermore, our review of the record does not show that additional preparation time with the witnesses could have prevented them from testifying differently or prevent the state from effectively cross-examining the witnesses. Accordingly, we find this issue to be without merit.

Appellant's sixth claim concerns counsel's failure to make the position of the appellant clear to the jury and the trial court. However, after a thorough

review of the record, it is unclear to this Court what particular position the defendant wanted raised. We quote from the transcript of Appellant's *pro se* motion for new trial, where the appellant testified to the following:

> [Counsel] failed to make the position of the defendant clear to the jury and the Court. And the Court was so thoroughly confused at the end of the defendant's case in chief, the Court was at a loss to know what should be charged relative to the position or defense offered on behalf of the defendant.

> [The prosecutor] prosecuting the case admitted being rattled, and he, too, obviously, did not understand the defendant's position.

Motion for new trial transcript, page 29-30.

Plainly, counsel made the appellant's position clear to the jury and the Court. Counsel's position in his closing argument was based on Appellant's lack of motive for committing the crime, the state's failure to prove his involvement in the crime, and the state's failure to prove Appellant's guilt beyond a reasonable doubt.

The trial court determined that counsel's actions did not constitute deficient performance. We concur with the trial court and believe that counsel adequately presented the defense. Thus, we find this issue to be without merit.

Regarding Appellant's seventh alleged deficiency, he contends that counsel failed to confer and give advice to Appellant before calling him to testify at trial. More specifically, Appellant complains that he had executed a

sworn statement before the trial commenced with respect to his decision not to testify. However, our review of the record indicates that the appellant testified at the sentencing hearing and not at trial. Appellant testified at the sentencing hearing that he and counsel had discussed his presentence report and record prior to trial. Appellant also testified that he and counsel had reviewed his version of the statement that was given to the probation officer when she compiled the presentence report. Thus, Appellant's testimony indicates that he conferred with counsel prior to testifying at the sentencing hearing. Appellant fails to prove that counsel failed to confer with him prior to testifying at the sentencing hearing. Appellant also fails to reveal what would have been discovered through further advice by counsel prior to trial. Therefore, we concur with the trial court's determination that this alleged deficiency is without merit.

Appellant's eighth claim concerns counsel's failure to subpoena witnesses that Appellant wanted called as alibi witnesses. At the hearing conducted at Appellant's *pro se* motion for new trial, the trial court found no showing of which witnesses counsel failed to subpoena. The determinative issue however, is Appellant's failure to produce witnesses at the hearing conducted at his *pro se* motion for new trial. This Court cannot speculate upon the usefulness of these witnesses without the information they could have provided. Thompson v. State, 958 S.W.2d at 164 (citing Black, 794 S.W.2d at 757).

Furthermore, to succeed on this claim, Appellant must establish that he was prejudiced by counsel's failure to subpoena the witnesses. To establish

prejudice, Appellant must: 1) produce the witness at his post-conviction hearing; 2) show that through reasonable investigation, trial counsel could have located the witness; and 3) elicit favorable and material testimony from the witness. Denton v. State, 945 S.W.2d 793, 802-803 (Tenn. Crim. App. 1996) (citing Black, 794 S.W.2d at 757). Appellant's failure to do so renders this issue meritless.

Regarding Appellant's ninth alleged deficiency, the Appellant complains that counsel failed to ask for a mistrial after his failure to excuse a juror who was employed as a deputy jailer. The prospective juror allegedly had preconceived ideas about Appellant's guilt because she knew the appellant. However, a review of the record does not reveal a prospective juror who indicated any knowledge about the appellant or the case during voir dire examination. Clearly, even if a prospective juror had indicated knowledge about the appellant in the instant case, these comments would not necessarily be grounds for a mistrial. This Court has held:

> Comments from a prospective juror in response to questions from defense counsel during voir dire that indicate his possession of information inculpating the defendant is not grounds for a mistrial absent evidence showing that the jury which heard the case was prejudicial or biased by the statement of the prospective juror.

State v. Brown, 795 S.W.2d 689 (Tenn. Crim. App. 1990) (citing State v. Porterfield, 746 S.W.2d 441 (Tenn. 1988)).

The trial court found no showing that counsel's failure to ask for a mistrial represented deficient performance. We find that Appellant failed to

-12-

show that any of the prospective jurors indicated knowledge about him or the case. We further determine that Appellant failed to demonstrate that the jury was prejudicial or biased by any comment made by a prospective juror during voir dire examination. Thus, we find this issue is without merit.

Appellant's last complaint concerns counsel's opening statement. Appellant complains that counsel mentioned to the jury that Appellant had been indicted for other crimes and that he had a prior criminal record. However, the trial court determined that if this had occurred, it would have been based on trial tactics. However, a review of the trial record indicates this complaint to be factually incorrect. The only mention of an indictment made by counsel in his opening statement was his reference to Appellant's plea of not guilty after he was arrested, indicted, and arraigned on the present charge. Counsel followed this comment by stating that the appellant had maintained his innocence from the inception of the trial. Furthermore, the record does not reflect that either counsel or the prosecution mentioned Appellant's prior criminal record during opening statement. Therefore, the record amply supports a finding that this issue is without merit.

A review of the record in this case does not convince this Court that proof preponderates against the judgment entered by the trial court denying Appellant's ineffective assistance of counsel claim. The post-conviction court determined that some of the decisions that were attacked by Appellant were tactical decisions generally not indicative of deficient performance. We concur with the post-conviction court and find that it is not this Court's function to "second guess" tactical and strategic choices made by counsel. Campbell v.

<u>State</u>, 904 S.W.2d 594,596 (Tenn. 1995) (citing <u>Hellard v. State</u>, 629 S.W.2d at 9).

From our examination of the original trial record and the transcript of the hearing conducted at Appellant's *pro se* motion for a new trial, we do not believe that Appellant demonstrated that counsel's representation was deficient or that he was prejudiced as a result of any alleged deficiency. Furthermore, the appellant did not establish that counsel's performance deprived him of a fair and reliable trial or that services rendered by this trial counsel were not within the range of competency demanded of attorneys in criminal cases.

We conclude that Appellant received effective assistance of trial counsel. Accordingly, the judgment of the trial court denying Appellant's claim of ineffective assistance of counsel is affirmed.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
DAVID H. WELLES, JUDGE

_____
JOHN K. BYERS, SENIOR JUDGE